## PAYNE *vs.* THOMPSON.

[SUPERSEDEAS, &C.]

1. *Supersedeas; by what court issued and where returnable.*—A proceeding by *supersedeas* is in the nature of an *audita querela,* and, as such, should be granted out of the court where the record, upon which it is founded, remains, or be returnable in the same court.

2. *Execution from probate court against sureties of administrator; when necessary to authorize issue of.*—An execution from the probate court is improperly issued against the sureties of an administrator, without a return of "no property" against the administrator, made to a regular term.

3. *Same; rule where sheriff is ex-officio administrator.*—The sheriff's official bond becomes an administration bond when the administration of an estate is committed to him *ex-officio,* and his sureties are liable to an execution for his default, without a previous suit on the bond, as other sureties of administrators.

APPEAL from the Circuit Court of Butler.
Tried before Hon. P. O. HARPER.

The facts are stated in the opinion.

JUDGE & HOLTZCLAW, for appellant.
HERBERT & BUELL, *contra.*

B. F. SAFFOLD, J.—An execution having issued out of the probate court against the appellant, as surety of Perryman, in his administration of the estate of James Thompson, he applied to the judge of the Circuit Court for a *supersedeas* returnable into the circuit court. The judge granted the writ, and also a *certiorari* commanding the probate judge to send-up to the circuit court all matters of record touching the issue of the execution, "that said circuit court may determine what of right ought to be done in the premises." A transcript was sent up showing a revivor, on the 13th of March, 1871, of a judgment previously rendered against Perryman, as administrator, in favor of the appellee; the issue of an execution against the

said administrator, on the same day, returnable on the 2d Monday in July, 1871; and the issue of another execution against the administrator and his sureties, on the 17th of March, 1871, returnable at the same time as the other. This latter is the one superseded. The circuit court dismissed the petition. The appeal is taken from this action.

No revision of the judgment of revivor was sought, but only the quashing of the execution. A formal proceeding by *supersedeas* is in the nature of an *audita querela*. As such, it should be granted out of the court where the record, upon which it is founded, remains, or be returnable in the same court. It can not be granted out of any court returnable in the same court, where the record upon which it is returnable is not there. If the record be not brought into the court where the writ is sued, there shall be judgment against the plaintiff.—Comyn's Digest, *Aud. Quer.* (E. 2.)

The probate court must be held to have authority, under its general powers, to supersede its own execution in a proper case, especially when it has general jurisdiction of the subject. Whether the judge has authority to issue the writ of *supersedeas* is not so clear, but no harm can result from so construing his powers in application to executions proceeding from his court. The circuit judge had jurisdiction to grant the writ returnable into the probate court. But he could not make it returnable into his court, unless under some other process the record was to be brought there. The *certiorari* did not carry it there, in this instance, because no review of the judgment upon which the execution issued was asked or granted, and the inquiry was consequently confined to matters subsequent to that judgment.—*Marshall v. Candler*, 21 Ala. 490. The case was improperly in the circuit court, and there was no error in dismissing it.

The execution was subject to a *supersedeas*. It was not proper to issue one against the sureties until after a return of "no property" against the administrator, made to a regular term.—Rev. Code, § 2281.

The administrator became such by virtue of his office of sheriff. The administration attached to the office, and the official oath and bond of the officer were the security for his faithful administration.—Rev. Code, § 2010. Ordinarily, for any default of the sheriff, a suit on his bond is necessary to reach his sureties. But has not the legislature made it otherwise in cases of the administration of estates committed to him? It did so by express enactment before the Code, notwithstanding the administration was, as now, attached to the office, and not to the person.—Clay's Dig. pp. 222–3, § 10. It is true, the sheriff can not refuse the position without also resigning his office. But he accepts the office with the understanding that he is to perform all of its duties; and with a like understanding do his sureties become responsible for him. ` Ragland v. Calhoun's Adm'r, (36 Ala. 606,) and Glover v. Gantt, (1 Stew. 388,) are to the effect that in such cases, sheriffs are liable on their official bonds, to the same extent and in the same manner as other administrators, and the former declares, as a conceded proposition, that a judgment final against the administrator, is equally as conclusive against his sureties. This being so, section 2281 of the Revised Code authorizes an execution against the sureties without previous suit on the bond.

The judgment is affirmed.