JOHN ALEXANDER *et al. v.* BENTLEY WOODS *et al.*

[60 South. 1017.]

1. APPEAL AND ERROR. *Appealable orders. Temporary injunctions. Granted ex parte. Code 1906, section 35.*

   An appeal will not lie from an order of a chancellor or judge directing the issuance of a temporary injunction. The only way in which such an appeal can be obtained before final decree is by filing a motion in the manner provided by Code 1906, section 35.

2. INJUNCTION. *Temporary. Granted ex parte. Supreme court rule 31.*

   While the practice of not granting injunctions *ex parte* "in case of greatest emergency" (see rule 31 of supreme court) is commended, still the statute allows them to be granted *ex parte*, without notice.

APPEAL from the chancery court of Adams county. HON: J. S. HICKS, Chancellor.

Bill by Bentley Woods and others against John Alexander and others, for mandatory injunctions. Temporary injunction granted and defendants appeal and plaintiff moves to dismiss appeal.

Section 4908 of the Code is as follows: ''The judges of the supreme court may severally grant appeals from interlocutory decrees in chancery, when by such decree money is to be paid or the possession of property is to be changed, or when the appeal is necessary to settle the principles of the cause and has been refused by the chancery court or by the chancellor in vacation. They may allow an appeal, and, if necessary, a *supersedeas* from the final judgment of any circuit court, or the final decree of a chancery court, or in any other case in which an appeal is given at any time within which an appeal may be allowed by law.''

Section 35 provides: ''An appeal may be·granted by the chancellor in term time, or in vacation, from any interlocutory decree or decree whereby money is to be paid, or the possession of property changed, or when he may think proper in order to settle the principles of the cause, or to avoid expense and delay; but such an appeal shall be applied for within ten days after the date of the order or decree complained of; and bond shall be given and approved as in appeals from a decree overruling a demurrer, and the chancellor shall determine whether the appeal shall operate as a *supersedeas* or not.''

Rule 31 of the Supreme Court of Mississippi (59 South. x) provides: ''No application for *supersedeas,* or any other writ or remedial process mentioned in section 992 of the Code of 1906, except in cases of greatest emergency, shall ever be acted on, in any case pending in any court, by any member of the supreme court *ex parte* but every such application, except in cases of greatest emergency shall be accompanied by a certificate of written notice served on the opposite party, or his counsel, or some of them, at least three days before the hearing; and all such applications will be acted on only when both sides are represented at the hearing, or after such three days' notice, duly certified to as above.''

*W. C. Martin* and *C. F. Engle,* attorneys for motion to dismiss.

Upon this motion appellees argue that an appeal is under no circumstances allowable from the fiat of a chancellor granting an injunction. No authority is cited for this proposition, and we submit that it is untenable. A fiat is certainly an order, it is interlocutory and an appeal from it is governed by section 35, Code, 1906.

In the instant case, however, the order of the chancellor was, essentially, something more than an ordinary fiat; it was a decree rendered after the defendants had been cited to appear and show cause against the granting of an injunction, and after they had made their appearance in response to the citation and presented and argued their case to the chancellor.    It was a decree whereby relief was granted that was not prayed for and was not properly grantable upon the case as made by the bill.    It was, moreover, a decree whereby the possession of property was changed.    It appears to us that, in its legal aspect, this case is strictly analogous to one in which a decree is rendered overruling a motion to dissolve an injunction already issued.    In such case section 618 of the Code of 1906 applies; the motion may be heard and acted upon by the chancellor in vacation as well as by the court in term time.    Counsel concede that in such appeal, as a matter of right, the appeal is grantable by the chancellor, or by one of the judges of the supreme court, only as an appeal from an interlocutory decree under said section 35.    Every order or decree of court or chancellor must, necessarily, be either interlocutory or final.    So, in this case, the order appealed from was an interlocutory decree.    We grant that after the chancellor gave the order for injunction, a motion to dissolve and proceedings thereunder would have been correct practice.    But what would have been gained in this case by such motion, other than delay and increased costs? Upon the bill, answer, hearing given the parties, their

appearance and argument of counsel an injunction was granted, and the character of it was such that appellants could not have presented anything more, to escape it, upon the hearing of a motion to dissolve than they had already advanced upon the antecedent hearing. The whole purpose of the suit was to obtain a mandatory injunction to compel the holding of a legal election of minister and deacons of this church, it being averred that in such election appellees would be selected and would thus gain the right to possession. Considering the scope of the bill and the nature of the injunction, appellants could have urged nothing, either in law or in fact, upon motion to dissolve, more than had already been advanced; then why not appeal the case as it stood without going through the idle and expensive form of a motion to dissolve that was sure to be overruled?

Entertaining such views we prayed an appeal, under section 35, and the chancellor refused it. Upon this record is it not evident that we would have been met by a like refusal had we pressed the motion to dissolve and been overruled? This consideration makes it plain that the proper remedy of appellants was a direct appeal without the intervening of a useless motion to dissolve. Believing this, and with purpose of expediting the case and saving an accumulation of costs, after the chancellor had refused the appeal and thus given jurisdiction to the judges of this court, we made application for an appeal to Judge SYDNEY SMITH, under section 4908 of the Code, and authorities there cited, and he, with the entire record before him, granted the order appealing the case.

We respectfully submit that Judge SMITH was entirely right in making this order; under the law quoted his power to make it was undoubted; his discretion in making it was wisely expressed, and his judgment was sound.

The order of the chancellor was an interlocutory decree, pure and simple. By it he not only changed pos-

session of the church but showed what, we submit, was such a misconception of the nature of the case and the rights of appellees that it was necessary for the protection of appellants that the ruling be corrected in order to settle the principles of the cause.  This was a Baptist Church, a most democratic organization; appellants were the only elected and installed pastor and deacons; a division in the congregation arose and appellees wanted a church election whereat they might outvote the other faction and elect another pastor and other deacons.  Under the rules of the church governing the organization, such election could not be legally held except by following a prescribed order and appellees claimed that appellants wrongfully refused to call and hold the election.  Appellees therefore filed their bill praying mandatory injunction to compel appellees to call and hold the desired election; their prayer was single, the purpose obvious to become the regular officers of the church through such election, and thereby lawfully obtain possession of the church building and control of all . business and religious meetings.

By his decree the chancellor put these parties in possession and occupancy of the church, with right to hold their meetings therein (not regular church meetings to be participated in by the entire congregation), without any regard to the church rules on that subject; and he thereby practically gave appellees all the relief they could have received had the election been held and they returned victorious.  The principle upon which appellees predicated their claim to relief was that notwithstanding the fact that this was a church organization and governed by ecclesiastical law yet a court of equity should interfere and compel the officers to give the people of the church an opportunity, under their church law and in conformity with its orders, to select their chosen minister and deacons.  But the chancellor went far beyond this and conceived the idea that he had the power, in ad-

vance of this selection, to turn the church over to appellees and thus anticipate for them a favorable termination. An appeal whereby this misconception may be corrected, the true rule announced and parties wrongfully ousted restored to their possession is certainly one to "settle the principle of the cause," within the meaning of section 35 of the Code.

But the appeal was properly granted not only as one to settle the principles of the cause but because it changed the possession of property. When this suit was filed the church building was manifestly in possession of the appellants as existing pastor and deacons, and the decree, in express terms, gave appellees possession and occupancy as against them.

It is true that the order of Judge Smith states that the appeal is allowed to settle the principles of the cause, without mention of the change of possession, but as the record shows that both the principles of the cause and change of possession were involved the appeal is certainly well taken under the statute, even though the order for it only recites one jurisdictional ground.

Upon the record the motion to dismiss should be overruled.

*S. B. Lamb* and *Truly, Ratcliff & Truly,* attorneys on motion to dismiss.

The appellees presented their appeal to the chancellor praying for a mandatory injunction and notice was given to the appellants to show cause why it should not be granted. The appellees appeared by counsel and contested the granting of the injunction, but the court issued his fiat granting the same, and from this fiat, or order granting the injunction this appeal is taken.

There is no law authorizing an appeal from the fiat of a chancellor granting an injunction. The regular course would have been to have made a motion to dissolve the injunction, and if this had been overruled, an

appeal might have been taken; but this was not the case here. The appeal was prosecuted from an order of the chancellor granting an injunction. No motion to dissolve the injunction was ever made, or heard or passed upon by the chancellor. Nothing was ever done in the case except to grant the injunction; and an appeal from an order granting the injunction certainly could not be for the purpose of settling the principles of the cause, and no appeal lies from such an order.

SMITH, C. J., delivered the opinion of the court.

Appellees filed their bill in the court below praying, among other things, for a mandatory injunction, the nature of which is immaterial on this motion, and that on final hearing such injunction be made perpetual. The chancellor, when applied to therefor, instead of granting the temporary injunction *ex parte,* very properly, there being no necessity for immediate action, directed that the defendants be notified to appear before him on a day named to show cause why the injunction should not be granted. On the day named, the defendants not having then filed their answer to the bill, the attorneys of all parties interested appeared before the chancellor, who granted an injunction after hearing argument relative to whether or not the bill on its face presented a case warranting him in so doing. Thereupon defendants prayed an appeal to this court, to settle the principles of the case, and, upon the chancellor's refusing to grant such an appeal, applied to the writer hereof under the provisions of section 4908 of the Code, by whom the appeal was granted.

An appeal will not lie from an order of a chancellor or judge directing the issuance of a temporary injunction. The only way in which such an appeal can be obtained before final decree is by filing a motion to dissolve and appealing from the decree rendered thereon in the manner provided by section 35 of the Code. Such an order

may be, and usually is, granted *ex parte* and before the filing of the bill.

While we desire to commend the practice of not granting injunctions *ex parte*, except "in cases of greatest emergency" (see rule 31 of this court), still the statute seems to contemplate that they shall be granted *ex parte*, and does not provide for notice to defendants.

In granting this appeal the writer acted upon the erroneous assumption that what occurred before the chancellor was the equivalent of the granting of an injunction *ex parte*, followed by the filing and overruling of a motion to dissolve.

*Motion sustained and appeal dismissed.*