L. B. WYNNE *et al. v.* ILLINOIS CENTRAL RAILROAD COMPANY.

[— South. —.]

1. WRITS OF SUPERSEDEAS. *Petition. Code* 1906, *sections* 992, 1003 *and* 4908. *Power of court. Supreme court. Supreme judges.*

The only power which any judge of the supreme court has to issue a writ of *supersedeas* is such as is conferred upon him by Code 1906, sections 992 and 4908 and the only power which has been conferred upon the supreme court to issue a writ of *supersedeas* is power so to do when necessary, in aid of its appellate jurisdiction.

2. SAME.

> The rule is that: A proceeding in *supersedeas* should be granted
> out of the court where the record upon which it is procured
> remains, or be returnable in the same court. It cannot be
> granted out of any court returnable in the same court, where
> the record upon which it is returnable is not there.

Petition by the Illinois Central Railroad Company to
the judges of the supreme court at chambers, for the is-
suance of a writ of *supersedeas.*

The facts are fully stated in the opinion of the court.

*Mayes & Mayes,* attorneys for petitioners.

*McNeil & Loeb,* contra.

SMITH, C. J., delivered the opinion of the court.

This is a petition presented by counsel for the Illi-
nois Central Railroad Company to the judges of this
court, at chambers, for the issuance of a writ of *superse-
deas.*

It appears from the petition that there is pending in
the circuit court of Copiah county a cause wherein the
Illinois Central Railroad Company is defendant, and L.
B. Wynne, et als., are plaintiffs; that on motion of plain-
tiffs an order has been entered by that court, under
section 1003 of the Code, requiring the defendant to have
certain of its books, papers, documents, etc., at Hazle-
hurst Mississippi, on November 26, 1914, at ten o'clock,
a. m., for the inspection of the plaintiffs, and to allow
them a reasonable time within which to make this in-
spection, and such copies thereof as they may desire. The
petition then alleged that this order was void, for the
reason that the circuit judge exceeded his authority in
making it, setting forth particularly wherein this au-
thority had been exceeded, and prayed that this order
be either superseded in whole, or modified in part.

The only power which any judge of the supreme court
has to issue a writ of *supersedeas* is such as is conferred

upon him by section 992 and 4908 of the Code neither of which cover the case here under consideration. If the petition be treated as having been presented to the court as such, and not to the judge thereof, it will be sufficient to say that the only power which has been conferred upon the court to issue a writ of the character here set forth, is power so to do, when necessary, in aid of its appellate jurisdiction. This petition is, in effect, nothing more than an indirect appeal from an order of the circuit court, for which no direct appeal has been provided by law.

Moreover the rule is that: ''A proceeding in *supersedeas* should be granted out of the court where the record upon which it is procured remains, or be returnable in the same court. It cannot be granted out of any court returnable in the same court, where the record upon which it is returnable is not there.'' 37 Cyc. 600; 20 Ency. Pl. & Pr. 1276; *Payne* v. *Thompson,* 48 Ala. 536.

*Petition denied.*