WYNNE *et al. v.* ILLINOIS CENTRAL RAILROAD COMPANY.

[66 South. 410-411.]

1. SUPERSEDEAS. *Jurisdiction. Supreme court.*

Under Code 1906, section 992, so providing, the judges of the su-
preme court may severally issue writs of *supersedeas* when the
same may be properly granted according to right and justice,
returnable to any court, and under section 4908, authorizing them
severally to grant appeals from interlocutory decrees in chancery,
when the appeal is necessary to settle the principles of the case,
and has been refused, and to allow an appeal or *supersedeas*
from final judgment to any circuit court, or a final decree of a
chancery court, the supreme court can only issue *supersedeas*
when necessary, in aid of its appellate jurisdiction, and hence
was without authority to issue *supersedeas* against an order
of the circuit court, made under section 1003, requiring petitioner
to produce its books, for inspection of plaintiff in an action
against it, since the petition, in effect, was an indirect appeal
from the order of the circuit court for which no direct appeal
was provided by law.

2. Supersedeas. *Jurisdiction.*

A proceeding in *supersedeas* should be granted out of the court where the record, upon which it is procured remains, or be returnable to the same court. It cannot be granted out of any court, returnable in the same court, where the record, upon which it is returnable, is not there.

Suit by L. B. Wynne, and others against the Illinois Centarl Railroad Company. Order on motion of plaintiffs, for examination of books and papers, and petition by the Illinois Central Railroad Company, for writ of *supersedeas.*

The facts are fully stated in the opinion of the court.

*Mayes & Mayes,* for appellant.

*McNeil & Loeb,* for appellee.

Smith, C. J., delivered the opinion of the court.

This is a petition presented by counsel for the Illinois Central Railroad Company to the judges of this court at chambers, for the issuance of a writ of *supersedeas.*

It appears from the petition that there is pending in the circuit court of Copiah county a cause wherein the Illinois Central Railroad Company is defendant, and L. B. Wynne *et al.* are plaintiffs; that on motion of plaintiffs, an order has been entered by that court, under section 1003 of the Code, requiring the defendant to have certain of its books, papers, documents, etc., at Hazlehurst, Mississippi, on November 26, 1914, at ten o'clock a. m., for the inspection of the plaintiffs, and to allow them a reasonable time within which to make this inspection, and such copies thereof as they may desire. The petition then alleged that this order was void, for the reason that the circuit judge exceeded his authority in making it, setting forth particularly wherein this authority had been exceeded, and prayed that this order be either superseded in whole or modified in part.

The only power which any judge of the supreme court has to issue a writ of *supersedeas* is such as is conferred upon him by sections 992 and 4908 of the Code, neither of which cover the case here under consideration. If the petition be treated as having been presented to the court as such, and not to the judges thereof, it will be sufficient to say that the only power which has been conferred upon that court to issue a writ of the character here set forth is power so to do, when necessary, in aid of its appellate jurisdiction. This petition is, in effect, nothing more than an indirect appeal from an order of the circuit court, for which no direct appeal has been provided by law.

Moreover, the rule is that:

"A proceeding in *supersedeas* should be granted out of the court where the record upon which it is procured remains, or be returnable in the same court. It cannot be granted out of any court returnable in the same court where the record upon which it is returnable is not there. 37 Cyc. 600; 20 Ency. Pl. & Pr. 1276; *Payne* v. *Thompson*, 48 Ala. 536.

*Petition denied.*