ROUNDTREE ET AL v. FLETCHER ET AL.

[69 South. 689.]

RELIGIOUS SOCIETIES. *Officers. Elections. Injunctions.*

Where a faction in a church congregation obtained a temporary mandatory injunction, giving them the right "to the possession of the church property and the offices of the church so that they might at any time occupy said property for religious purposes, and for the purpose of conducting religious worship," and on the same day that such order was granted, the faction entered the church, and held an election for a pastor and other officers, although such day was not the recognized meeting day of the congregation, and although a pastor and other officers elected previously by the remainder of the congregation still held their offices, in such case the faction was not authorized, under the injunction granted, to hold a church election without notice and the officers so elected were not thereby constituted the duly elected officers of the church.

APPEAL from the chancery court of Adams county.
HON. J. S. HICKS, Chancellor.

Suit by Frank Fletcher and others against Thomas Roundtree and others. From a decree for complainants perpetuating a temporary injunction, defendants appeal. The facts are fully stated in the opinion of the court.

*W. C. Martin* and *Chas. F. Engle,* for appellant.

*E. H. Ratcliff* and *S. Beekman Laub,* for appellees.

STEVENS, J., delivered the opinion of the court.

This action originated in the chancery court of Adams county by bill of complaint presented by appellees as complainants in the court below, praying for a mandatory injunction, commanding the defendants immediately to surrender possession and occupancy of the church building and property of the China Grove Baptist

Church, and directing the defendants to surrender the offices and positions held by them in said church. The record reflects the existence of two well-defined factions in the church and continued and pronounced factional fights resembling the latest revolutions in Mexico.

Appellees in their bill set forth the organization and existence of China Grove Baptist Congregation, a religious society subject to the polity, rules, and regulations prescribed by its congregation, and that at a meeting of the congregation held on July 30, 1912, "after call duly published therefor in accordance with the rules and regulations of the rules of government of said congregation and the discipline of said church" appellee, James Crossgrove, was elected as minister and others of the complainants elected as a board of deacons, that appellee, Frank Fletcher, was elected as treasurer, and Wellington Gordon as secretary; that immediately after said election complainants were installed in their several offices, and were then entitled to receive the salary and perquisites of their positions, and to exercise all the duties of their respective positions; that notwithstanding their election the defendant, John Alexander, former minister of said church, Walter Monroe, former secretary, Thomas Roundtree, former treasurer, and the other respondents as deacons, refused to surrender their positions and offices in the church, and continued wrongfully to claim to be the officials thereof, and refused to deliver possession of the church building and to permit the rightful membership to use and occupy the same. There are other allegations in the bill which, for the purposes of this opinion, are not necessary to be detailed. This bill was presented to a member of this court upon application for a temporary mandatory injunction; the temporary injunction was granted, and complainants put in possession of the church property and the offices of the church. Thereafter the bill was answered and the cause submitted to the court upon bill, answer, and oral

testimony.   The decree of the court below perpetuated
the injunction, and from this decree appellants, defen-
dants in the court below, appeal, the chief error as-
signed being that the court erred in not decreeing for
appellants and dismissing the bill of complaint.

The proof shows that appellants had been the duly
elected pastor and officers of the church, John Alexander
having been elected pastor when the former pastor,
Thomas Crossgrove had been convicted of embezzle-
ment and sentenced to the state penitentiary.   After
Crossgrove returned from the penitentiary, dissensions
arose and a demand was made for a business meeting
or session of the church.   When the pastor and deacons
declined to convene a meeting, some of the appellees pre-
sented a bill of complaint in the chancery court of Adams
county against appellants as defendants in that cause,
setting forth the existence of the China Grove Baptist
Congregation in question, its ownership of the church
building and other property, the alleged refusal of the
pastor and deacons to have a church meeting, the alleged
necessity for a meeting and election of new officers, and
praying for a mandatory injunction commanding the
pastor and deacons—"to call a meeting of the member-
ship of the China Grove Baptist Congregation for the
Wednesday before the second Sunday in August, being
the seventh day of said month, for the purpose of dis-
cussing and deciding the affairs of said church, and for
the purpose of electing a minister and a board of dea-
cons according to the wishes of a majority of the mem-
bership of said church as may be at said meeting ex-
pressed, and further directing and requiring said de-
fendants to abide by and obey the wishes of a majority,"
etc.

Upon this bill, after notice given, the chancellor is-
sued a temporary mandatory injunction—

"commanding the defendants named in said bill to im-
mediately admit the complainants to the possession and

occupancy of the church and church building of the China Grove Baptist Congregation as described in said bill of complaint so that said complainants, their pastor and associates, may, at any and all reasonable times and hours, use and occupy said property for religious purposes and for the purposes of conducting religious worship in such manner as to them may seem fit; such possession, occupancy, and use to continue until the further order of this court."

It seems that this temporary mandatory order was granted about six o'clock p. m., and about eight o'clock of the same evening the Crossgrove faction, amidst peals of the church bell and the enthusiasm of their court victory, secured possession of the keys, threw open the doors, lighted the church, and immediately elected a temporary moderator, and proceeded without further notice to the election of a new pastor and other officers of the church. The day following an appeal with *supersedeas* was obtained from the temporary order so given by the chancellor, but not until after the so-called election had been held. This appeal was subsequently dismissed by this court, as reflected in the reported case of *Alexander et al.* v. *Woods et al.* 103 Miss. 869, 60 So. 1017, and this first cause in which the appeal was thus dismissed is, as stated by counsel for appellants, still a pending cause on the docket of the chancery court of Adams county. The so-called election the evening the injunction was granted was held on a night which the evidence shows was not a regular night for religious worship or for a business meeting. The evidence shows that only four of the Alexander faction were present as lookers-on, and that they did not participate in the voting.

The so-called church meeting and election of the pastor and church officials on the occasion stated was in pursuance of the temporary injunction in cause No. 2826, *Woods et al.* v. *Alexander et al.,* and was not the

the meeting of and election by the church. It is conceded that this Baptist Church is controlled by the majority of its members, and that its government is independent of any other church or ecclesiastical association. This factional meeting was held by authority of the injunction which granted the Crossgrove faction the right "to the possession and occupancy of the church and church building," so that said complainants their pastor, and associates might at any time "occupy said property for religious purposes and for the purposes of conducting religious worship." The injunction did not admit this faction for the purpose of holding a church election without notice to pastor or flock. The chancellor had just placed the Crossgrove faction in possession of the church building under the gracious privileges of a mandatory injunction for the purpose of religious worship. Any interference with this meeting by the defendants in that suit would have been a violation of the injunction. It was certainly not the intention of the chancellor or of his decree to conduct what might be termed a military election within the sacred walls of the sanctuary, or to command the Alexander faction to deliver possession and stay away from the place and permit the Crossgrove faction to direct the acting secretary of the meeting "to cast one vote for all." This election was not held on the regular meeting night of the congregation, and under all the facts and circumstances was certainly not the action of the church. It follows that the officers who petitioned for the injunction in the present case were not the duly elected officers of the church, were not justified in asking for the mandatory injunction herein granted and perpetuated, and are not entitled to the relief prayed for.

Let the decree of the court below be reversed, and the bill dismissed.

*Reversed.*