### ALEXANDER *v.* JOHNSON.

(Division B. Dec. 7, 1931.)

[138 So. 329. No. 29823.]

722

Forrest G. Cooper, of Indianola, for appellant.

B. B. Allen, of Indianola, for appellee.

Briefs of Counsel not found.

Griffith, J., delivered the opinion of the court.

On October 16, 1931, a bill of complaint, against the defendant named, was presented by the executrix to the chancellor, with request for his fiat for the issuance of a temporary or preliminary injunction. In accordance with the proper practice in such cases, the chancellor directed that notice be given the defendant to appear before him, on a date fixed in said notice, to show cause against the issuance of the temporary injunction prayed. The defendant accordingly appeared, and on this preliminary hearing the chancellor executed his fiat to the effect that the writ of temporary injunction should issue, and the writ was accordingly then issued and served.

Instead of proceeding thereupon in the orderly manner required by law, that is to say, instead of moving before the chancellor to dissolve said injunction, the defendant prayed the chancellor to grant an appeal from his said fiat, which fiat was indorsed on the back of the bill of complaint, and said request for the allowance of an appeal was attempted to be granted by the chancellor by his indorsement of the allowance thereof on the back of the bill of complaint as aforesaid, the appeal however, to be without supersedeas.

Thereupon, without notice to the other side, the defendant applied to one of the judges of the Supreme Court for a writ of supersedeas, and, the attention of the judge not having been distinctly called to the fact that the case had proceeded only to the preliminary stage where a fiat for an injunction had been granted, and the petition on the merits appearing to the judge to be sufficient, the writ of supersedeas was ordered issued.

It now turns out, however, on this motion to vacate said writ of supersedeas, that, as above stated, no motion to dissolve the injunction had been made before the chancellor; wherefore the attempt to grant and to take an appeal from his fiat, ordering the issuance of the injunction, is wholly premature and abortive. This question was definitely settled in Alexander v. Woods, 103 Miss. 869, 60 So. 1017. The case in its present attitude not being appealable, there was no power in one of the judges here to grant the supersedeas in respect to or in aid of the appellate jurisdiction of this court. Wynne v. Railroad, 105 Miss. 786, 66 So. 410.

There being, therefore, no power in the Supreme Court judge to grant the writ under section 3373, Code 1930, the only remaining question is whether the said writ could be granted by him under section 742, Code 1930. This latter section has no reference to appellate jurisdiction, but deals solely with original jurisdiction. The power of the judges of the Supreme Court under that sec-

tion is the same as, and is no greater than, that of the circuit judges and chancellors; from which it follows that a judge of this court acting severally has no power under this section to vacate or set aside an interlocutory order made by a chancellor or circuit judge in a cause or matter pending before the circuit or chancery courts and which is not then in the state of its present record, appealable to the Supreme Court. If this were not true, every order or direction made by a trial judge in the progress of a case could be vacated by one of the judges of this court on a petition for a writ of supersedeas, and this, of course, is not the law.

Motion to discharge supersedeas sustained.