EARLY *et al. v.* BOARD OF SUPERVISORS.

(Division B.  May 16, 1938.)

[181 So. 132.]

**Griffith, J.**, delivered the opinion of the court.

An application for a supersedeas has been addressed to the court in this case, but, inasmuch as the record has not yet been filed here, we cannot act upon the application as a court. Wynne v. Ill. Central Railroad Company, 105 Miss. 786, 66 So. 410.

If the application is to be taken as addressed to any judge of this court, none of us would be warranted in granting it, because no substantial ground therefor appears in the petition. It is said that the order or judgment of the circuit court upon the so-called trial de novo is void. If this be conceded, nevertheless the previous proceedings of the Board of Supervisors may have been valid, and those proceedings are not set out in full in the petition.

It is said in the brief for petitioner that the attorneys for the board have confessed that the proceedings of said board were void; and it is further said in the brief, but these facts are not alleged in the petition, that the final order of the board was void, because neither the certificate of the election commissioners nor the proof of publication of the notice to the voters was ever filed with the board. We are not bound by confessions of error, nor may we act affirmatively upon facts brought before us only by statements in briefs. Rayl v. Thurman, 156 Miss. 8, 14, 125 So. 912, 913; Alexander v. Hancock, 174 Miss. 482, 498, 164 So. 772, 165 So. 126.

This application is in another of the beer election cases which have often been before the courts during the last two or three years. We are now informed that there is a prevalent misconception in regard to an appeal

with supersedeas in such cases—that it is supposed that an allowance of an appeal with supersedeas operates as a judicial license to continue operations under the beer and wine statute, Laws 1934, c. 171, in spite of an adverse election and the consequent judgment of the tribunals of original jurisdiction.

An appeal with supersedeas does not vacate the judgment appealed from; it merely suspends the enforcement of the judgment pending the determination of the appeal. If on that determination the judgment be affirmed, the effect thereof is to establish or confirm the validity of the judgment from and as of the date of its rendition in the court of original jurisdiction; and thereupon all offenses against it during the time the appeal was pending will be punishable as if no appeal had been taken and regardless of the supersedeas.

Application denied.