597 So.2d 1299 (1992)
Robert L. SMITH, Executor of the Estate of Henderson Smith, Deceased
v.
Robert A. MALOUF, Michael J. Malouf, Michael B. Flanagin, Philip Simon, Jr., John T. Crouch, Janet Jones Crouch and Johnny Rees.
No. 90-CA-0681.
Supreme Court of Mississippi.
April 29, 1992.
*1300 Fred T. Rucker, Scales & Scales, Jackson, for appellant.
Robert A. Malouf, Malouf & Malouf, Jackson, for appellees.
Before ROY NOBLE LEE, C.J., and BANKS and McRAE, JJ.
McRAE, Justice, for the Court:
This is the case of the plaintiff who wouldn't take "no" for an answer. The primary question is whether a plaintiff may pursue an action for trespass to real property while appealing a final decree in a separate action wherein Chancery Court of Madison County declared the plaintiff to have no legally cognizable interest in the subject property. The Court must also decide whether such persistence runs afoul of the Litigation Accountability Act of 1988. Appealing from summary judgment in favor of the defendants and the imposition of sanctions for filing a frivolous action, Appellant Smith assigns the following as error:
I. THE TRIAL COURT ERRED IN RULING THAT A JUDGMENT PENDING APPEAL IS "FINAL" AND CONTROLLING AS TO ALL COLLATERAL ISSUES PRESENTED BY COMPANION CASES.
II. THE TRIAL COURT ERRED IN UPHOLDING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.
III. THE TRIAL COURT ERRED IN ASSESSING SANCTIONS AGAINST THE PLAINTIFF AND HIS ATTORNEY FOR FILING THE INSTANT CASE.
Finding that all three assignments have merit, we reverse and remand for trial.

FACTS
The course of events leading up to the case sub judice began on or about May 29, 1987 when Henderson Smith, now deceased, quitclaimed a portion of his real property to one Lorene Smith. Following the death of Henderson Smith, appellant Robert L. Smith ("Robert Smith") was appointed executor of the estate. In December, 1987 he brought an action (Cause No. 28,735) seeking to set aside the conveyance from Henderson Smith to Lorene Smith on grounds that the deed had been procured through undue influence and that Henderson Smith had lacked capacity to convey property. The case came on for trial on February 15, 1989 in the Chancery Court of Madison County, Mississippi. After the plaintiff rested, the defendant moved to dismiss. Finding that the plaintiff had not made a prima facie showing of undue influence or lack of capacity, the chancellor granted the motion to dismiss and entered a judgment to that effect on February 24, 1989 ("the February judgment"). Robert Smith subsequently appealed the dismissal to this Court.
On January 10, 1989, a little over a month before the dismissal of Cause No. 28,735, Robert Smith filed his complaint in the instant case. As in Cause No. 28,735, the case sub judice involves the tract of land allegedly conveyed from Henderson Smith to Lorene Smith. In his complaint, Robert Smith alleges that defendants Robert A. Malouf, et al. ("Malouf") trespassed upon the property by cutting several trees and commencing construction of a gravel road. The complaint seeks damages and an injunction barring further road construction.
According to Malouf, the defendants did not learn about the February judgment until November of 1989. On November 9, 1989, Malouf wrote a letter to Robert Smith's attorney, Clarence Scales. In his letter, Malouf asserted that Robert Smith had no standing to maintain his trespass action since, according to the February judgment, he had no legally cognizable interest in the subject property. Malouf demanded that Robert Smith withdraw his claim or face a motion for summary judgment and a demand for attorney's fees pursuant to the Litigation Accountability Act of 1988.
*1301 Robert Smith did not withdraw his claim. True to his word, Malouf filed a motion for summary judgment and sanctions on December 21, 1989. Malouf attached to his motion, inter alia, copies of the complaint and judgment from Cause No. 28,735 along with a sworn affidavit itemizing defendants' attorney's fees. On May 29, 1990, the Chancery Court of Madison County granted Malouf's motion for summary judgment and awarded attorney's fees jointly and severally against Robert Smith and his attorney in the amount of $2,480.00. In his Conclusions of Law, the chancellor stated that the February judgment deprived Robert Smith of standing in the instant case and that Smith and his attorney knew or should have known that further pursuit of the matter would be meritless.
Subsequent to the perfection of Smith's appeal in the instant case, this Court reversed the February judgment. See Smith v. Smith, 574 So.2d 644 (Miss. 1990). The Court remanded for further consideration, holding that Robert Smith had established a prima facie case for lack of capacity in his attack on the conveyance from Henderson Smith to Lorene Smith. Smith, 574 So.2d at 654.

LAW

I. WHETHER THE TRIAL COURT ERRED IN RULING THAT A JUDGMENT PENDING APPEAL IS "FINAL" AND CONTROLLING AS TO ALL COLLATERAL ISSUES PRESENTED BY COMPANION CASES?
We have never before addressed the question of whether the pendency of an appeal alters the collateral estoppel or res judicata effect of an otherwise final judgment. However, in Mississippi Power & Light Co. v. Town of Coldwater, 168 F. Supp. 463 (N.D.Miss. 1958), the United States District Court found on the basis of Mississippi law that "the appeal to the Supreme Court of Mississippi does not prevent [the judgment in a former suit] from being res judicata." Id. at 476. The court stated the following:
The question next to arise is whether or not the appeal to the Supreme Court which is still pending prevents the judgment of the trial court from being res adjudicata. This question has been answered by the Supreme Court of Mississippi. In the case of Early v. Board of Supervisors, 182 Miss. 636, 181 So. 132, the Court says an appeal with supersedeas does not vacate the judgment appealed from; it merely suspends the enforcement of the judgment pending the determination of the appeal. If on that determination the judgment is affirmed, the effect thereof is to establish or confirm the validity of the judgment from and as the date of its rendition in the court of original jurisdiction. See also Klaas v. Continental Southern Lines, 225 Miss. 94, 82 So.2d 705, 708. The Court said: "Clearly the judgments of the trial court were the effective adjudications of plaintiffs' rights. Their effect was suspended during appeal with supersedeas to the Supreme Court, but our judgment simply affirmed the validity of the judgments of the circuit court" See also Stone v. McKay Plumbing Co., 200 Miss. 792, 26 So.2d 349, 30 So.2d 91; Lyle Cashion Co. v. McKendrick, 227 Miss. 894, 87 So.2d 289.
The effect of these decisions is that the judgment in the former suit is res adjudicata of everything complained of in the present lawsuit or is pending before the Supreme Court and that the appeal to the Supreme Court of Mississippi does not prevent it from being res adjudicata. The appeal simply supersedes the enforcement of the judgment.
Mississippi Power, 168 F. Supp. at 475-76.
The federal court's characterization of Mississippi law is reasonable and echoes the holdings of other jurisdictions. The various states have ruled with virtual unanimity that a judgment is "final" for res judicata and collateral estoppel purposes even though pending on appeal. See, e.g., Holmberg v. State, 796 P.2d 823, 824 (Alaska 1990); Westman v. Dessellier, 459 N.W.2d 545, 547 (N.D. 1990); Jordan v. Washington Metropolitan Area Transit *1302 Authority, 548 A.2d 792, 795 (D.C.Ct.App. 1988); Bunnett v. Smallwood, 768 P.2d 736, 740 (Colo.Ct.App. 1988); Capalbo v. Planning and Zoning Board of Appeals, 208 Conn. 480, 547 A.2d 528, 532 (1988); Rathe v. Adirondack Concepts, Inc., 131 A.D.2d 81, 520 N.Y.S.2d 82, 85 (N.Y.Supr.Ct. 1987); Cully v. Lutheran Medical Center, 37 Ohio App.3d 64, 523 N.E.2d 531, 532 (Ohio Ct. App. 1987); Consumers Oil Co. v. Spiking, 717 S.W.2d 245, 251 (Mo. Ct. App. 1986); Scurlock Oil Co. v. Smithwick, 724 S.W.2d 1, 6 (Tex. 1986); Bassett v. Civil Serv. Comm'n, 100 Pa. Cmwlth. 356, 514 A.2d 984, 986 (1986); Gregory Marketing Corp. v. Wakefern Food Corp., 207 N.J. Super. 607, 504 A.2d 828, 837 (1985). But see McBurney v. Aldrich, 816 S.W.2d 30, 34 (Tenn. App. 1991); People ex rel. Gow v. Mitchell Bros.' Santa Anna Theater, 101 Cal. App.3d 296, 161 Cal. Rptr. 562 (1980). According to Restatement (Second) of Judgments, sec. 13 cmt. f (1982): "[The better view is that a judgment otherwise final remains so despite the taking of an appeal unless what is called an appeal actually consists of a trial de novo."
Rule 60(b) of the Mississippi Rules of Civil Procedure suggests that the majority rule would apply under Mississippi law. Rule 60(b) provides: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment ... for the following reasons: ... (5) ... a prior judgment upon which it is based has been reversed." A court could hardly base its judgment upon a prior judgment which is later reversed unless (1) the prior judgment is appealed and (2) the prior judgment is given collateral effect. Rule 60(b) thus seems to espouse the proposition that a judgment from which an appeal is taken can still have collateral estoppel or res judicata effect.
Even in jurisdictions which follow the majority rule, however, a judgment from which an appeal has been taken loses its collateral estoppel or res judicata effect upon being reversed by the appellate court. See Rapoport v. Tesoro Alaska Petroleum Co., 794 P.2d 949, 952 (Alaska 1990); Jordan, 548 A.2d at 794; Rathe, 520 N.Y.S.2d at 84; Bassett, 514 A.2d at 986. In the instant case, Malouf relied on the conclusive effect of the February judgment, a judgment this Court reversed in Smith. Having lost its collateral estoppel effect, the February judgment is no longer sufficient to undergird Malouf's motion for summary judgment.

II. WHETHER THE TRIAL COURT ERRED IN UPHOLDING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT?
The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. Palmer v. Biloxi Regional Medical Center, Inc., 564 So.2d 1346 (Miss. 1990); American Legion Ladnier Post No. 42, Inc. v. City of Ocean Springs, 562 So.2d 103 (Miss. 1990); Newell v. Hinton, 556 So.2d 1037 (Miss. 1990). The copies of documents from Cause No. 28,735 [the February case] were the only evidence Malouf proffered in his effort to show that he was entitled to prevail on the merits of Smith's complaint as a matter of law. As these documents no longer reflect a valid judgment, Malouf's evidence has, in effect, evaporated. We therefore deem Malouf not to have satisfied his burden of production.
Malouf argues that since Robert Smith submitted no evidence tending to show that he had a valid interest in the subject property, the grant of summary judgment was proper despite any shortcomings in Malouf's own evidence. Malouf cites cases which hold that the party opposing a motion for summary judgment must bring forward probative evidence of his own in order to defeat the motion. See, e.g., Newell, 556 So.2d at 1041-42; Magee v. Transcontinental Gas Pipeline Corp., 551 So.2d 182, 186 (Miss. 1989); Smith v. First Federal Savings & Loan Assoc. of Grenada, 460 So.2d 786, 792 (Miss. 1984); Brown v. Credit Center, Inc., 444 So.2d 358, 364 (Miss. 1983). In each of these cases, however, the opposing party was required to bring forth proof to rebut probative evidence offered by the proponent of the motion. These cases are thus inapplicable here: Since Malouf *1303 has offered no probative evidence in support of his motion for summary judgment, the risk of persuasion never shifted to Robert Smith. See Brown, 444 So.2d at 364 (proponent of summary judgment motion "is not permitted to rest exclusively on the weakness of [opponent's] response... . Before we can affirm the summary judgment ... we must ascertain that the strength of [proponent's] showing is such that it is entitled to judgment as a matter of law").
Regardless of whether the chancellor's ruling was proper at the time he issued it,[1] our subsequent reversal of the February judgment destroyed its factual basis. The moving party bears the burden to show that no facts are in dispute. The judgment therefore cannot stand even if it was not technically "erroneous."

III. WHETHER THE TRIAL COURT ERRED IN ASSESSING SANCTIONS AGAINST THE PLAINTIFF AND HIS ATTORNEY FOR FILING THE INSTANT CASE?
In conjunction with his motion for summary judgment, Malouf moved for an award of attorney's fees pursuant to the Litigation Accountability Act of 1988 as codified at Miss. Code Ann. sec. 11-55-1 to 11-55-15. Section 11-55-5 provides in pertinent part:
(1) Except as otherwise provided in this chapter, in any civil action commenced or appealed in any court of record in this state, the court shall award, as part of its judgment and in addition to any other costs otherwise assessed, reasonable attorney's fees and costs against any party or attorney if the court, upon the motion of any party or on its own motion, finds that an attorney or party brought an action, or asserted any claim or defense, that is without substantial justification.
Section 11-55-3 defines "without substantial justification" as follows:
(a) "Without substantial justification," when used with reference to any action, claim, defense or appeal, including without limitation any motion, means that it is frivolous, groundless in fact or in law, or vexatious, as determined by the court.
The chancellor below found that "Plaintiff and his attorney knew or should have known that the claims brought against Defendants in this cause were without merit and could not be sustained inasmuch as Plaintiff had no right, title or interest in the real property in question." The chancellor further held:
Plaintiff and his attorney knowingly and wilfully maintained their complaint without substantial justification as contemplated by Miss. Code Ann. Section 11-55-3 and that under the circumstances of this case should be held jointly and severally liable for the attorney's fees incurred by Defendants in the defense of this cause in the amount of $2,480.
The chancellor manifestly erred in finding that Robert Smith and his attorney pursued the instant action "without substantial justification." First, the action is not frivolous. In the Rule 11 context, this Court has stated that "a pleading or motion is frivolous ... only when, objectively speaking, the pleader or movant has no hope of success." Bean v. Broussard, 587 So.2d 908, 912 (Miss. 1991); Tricon Metals & Service, Inc. v. Topp, 537 So.2d 1331, 1336 (Miss. 1989). It cannot be said that Robert Smith and his attorney had "no hope of success" in the case sub judice. Even though the instant cause of action was effectively barred by the February *1304 judgment at the time the chancellor awarded sanctions, Smith and his attorney had "hope" that this Court would remove the bar by reversing Smith. That hope proved well-founded. Secondly, Robert Smith's claim is clearly not "groundless in fact or in law." In fact, Smith is entitled to prevail if he can prove the allegations contained in his complaint. Regarding Section 11-55-3's third characterization of "without substantial justification," no one has alleged, nor does the record in any wise reflect, that the instant action was filed for purposes of vexation. Robert Smith's cause of action simply does not fit within the parameters of Section 11-55-3. Accordingly, we hold that the chancellor's award of attorney's fees against Robert Smith and his attorney was error.

CONCLUSIONS
The decree of February, 1989 lost its collateral estoppel effect upon the instant cause of action upon being reversed in Smith v. Smith, 574 So.2d at 644 (Miss. 1990). Since the February 1989 judgment was the only evidence Malouf offered in support of his motion for summary judgment, the trial court's grant of summary judgment is left without a factual basis. The chancellor erred in awarding attorney's fees against Robert Smith and his attorney since the plaintiffs did not pursue this action "without substantial justification." All costs on appeal are to be assessed appellee and reasonable expenses assessed in accordance with MRCP 56(h), which states that the court shall assess costs against the moving party if summary judgment is denied.
REVERSED AND REMANDED FOR TRIAL.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN and BANKS, JJ., concur.
NOTES
[1] Robert Smith maintains that even if the February judgment were still effective, the grant of summary judgment would nevertheless be erroneous. The copies of documents relating to Cause No. 28,735 which Malouf attached to his motion for summary judgment were neither sworn nor certified and thus do not satisfy the requirement of Miss.R.Civ.Pro. 56(b). Malouf implies in his brief, however, that Rule 56(b) does not control here as a practical matter since "[a]ll these matters had previously been presented to the same chancellor, Honorable Ray H. Montgomery, who had presided in Cause No. 28-735 and who was very familiar with the case and who had at his disposal the actual court file in Cause No. 28-735."

We choose not to address this issue, for it is now moot. The judgment embodied in Malouf's photocopy has been reversed, and proper certification cannot not breathe life into a copy of a dead judgment.