GRAVES, Presiding Justice,
Dissenting.
¶44. As the majority correctly states, this case involves an underlying dispute over a John Deere & Company (Deere) combine purchased by Edward Johnson from Parker Tractor & Implement Company (Parker). I disagree with the majority’s analysis of the last-in-time doctrine and res judicata as they apply to the facts of this case. The majority’s analysis and conclusion are inconsistent with this Court’s prior caselaw regarding res judica-ta and the last-in-time doctrine. Today’s opinion only serves to cloud and confuse this area of law. Therefore, I respectfully dissent.
[[Image here]]
¶ 45. The factual and procedural history in this case are somewhat complex. Therefore, I will briefly restate the facts. On September 26, 1995, Deere sued Johnson in the Northern District of Mississippi (in what the majority terms “Federal /”) to recover the balance of the purchase price for the combine that Johnson bought from Parker.[5] Johnson counterclaimed against Deere for, inter alia, breach of implied and express warranties.
¶ 46. On October 3, 1995, Johnson sued Parker in Coahoma County Circuit Court (in what the majority terms “State I ”) for, inter alia, breach of implied and express warranties and sought actual and punitive damages. The state case proceeded to trial, and Johnson was ultimately awarded $90,000 on February 13, 1998. Parker subsequently appealed to this Court, and Deere posted a supersedeas bond to stay the execution of the judgment.
¶ 47. On July 20, 1998, Johnson filed a motion to continue the case in federal *526 court (in what the majority terms “Federal I”), citing the pending appeal in state court and referencing the legal principles of collateral estoppel, res judicata, and issue preclusion. Deere filed a motion in opposition, but on April 16, 1999, the district court granted Johnson’s motion for a continuance.
¶ 48. The majority does not mention that, after reviewing the appeal in state court (in “State I”), this Court reversed the circuit court judgment and ordered a new trial on November 4, 1999. Parker Tractor & Implement Co. v. Johnson, No. 98-CA-00457-SCT, 1999 WL 1000712, 1999 Miss. LEXIS 346 (Miss. Nov. 4, 1999). However, upon Johnson’s petition for rehearing, this Court subsequently affirmed the circuit court’s $90,000 judgment on January 10, 2002. Parker Tractor & Implement Co. v. Johnson, 819 So.2d 1234 (Miss.2002).
¶49. Although the federal case (‘Federal I ”) was initially continued in 1999, for some reason that is not clear from the record, the case proceeded to trial on June 5, 2000. The federal jury returned a verdict awarding $30,634.36 to Johnson and $70,000 to Deere. An appeal and cross-appeal were taken and, on November 12, 2001, the Fifth Circuit affirmed the judgment in favor of Johnson, but reversed the jury awards, declaring that the case was a “wash” and that neither party would receive an award. Deere & Co. v. Johnson, 271 F.3d 613 (5th Cir.2001). The Fifth Circuit accordingly remanded the case for the entry of a “take-nothing” judgment. Id.
¶ 50. Meanwhile, the present case was initiated when First National Bank of Clarksdale (First National Bank) sued Johnson in Coahoma County Court on August 8, 2001 (in what the majority terms “State II ”) for defaulting on a promissory note. On September 24, 2001, a default judgment was entered against Johnson for $50,439.08. First National Bank then obtained a writ of garnishment against Parker on the basis of the $90,000 judgment entered by the circuit court.
¶ 51. On January 28, 2002, Deere sued Johnson and First National Bank in the Northern District of Mississippi (in what the majority terms “Federal II”) to enjoin enforcement of the circuit court’s $90,000 judgment, citing the binding effect of the federal court’s “take-nothing” judgment. Johnson subsequently moved to dismiss. On September 24, 2002, the district court dismissed the case for failure to state a claim because “the state court case was tried to final judgment before the federal court case,” making the state court’s $90,000 judgment binding. The district court also cited the Anti-Injunction Act, 28 U.S.C. § 2283 (1948). On May 14, 2003, the Fifth Circuit affirmed the district court’s ruling. Deere & Co. v. Johnson, 67 Fed.Appx. 253, 2003 WL 21196191 (5th Cir.2003).
¶ 52. On June 23, 2003, Deere moved to intervene in First National Bank’s garnishment action (“State II”), as it had previously agreed to indemnify Parker for any damages related to the dispute over the combine. Deere later moved for summary judgment on November 24, 2004. The county court denied the motion for summary judgment, and Deere filed this interlocutory appeal.
Figure 1.
[[Image here]]
*527 [[Image here]]
II.
¶ 53. This Court has adopted and applied the last-in-time rule. State ex rel. Moore v. Molpus, 578 So.2d 624, 641 (Miss.1991) (“[W]hen inconsistent final judgments are rendered in two actions, the judgment more recent in time is given conclusive effect in a later action.” (quoting Dimock v. Revere Copper Co., 117 U.S. 559, 566, 6 S.Ct. 855, 857-58, 29 L.Ed. 994, 997 (1886); Reimer v. Smith, 663 F.2d 1316, 1327 (5th Cir.1981); Garden Suburbs Golf & Country Club v. Murrell, 180 F.2d 435, 436 (5th Cir.1950); Donald v. J.J. White Lumber Co., 68 F.2d 441, 442, (5th Cir.1934); Marsh v. Mandeville, 28 Miss. 122, 128 (1854); Restatement (Second) of Judgments § 15 (1977); 2 E. Tuttle, Freeman On Judgments § 629 (5th ed.1925))); see also Treinies v. Sunshine Mining Co., 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85 (1939). In Molpus, this Court held that a later case had conclusive effect, despite an earlier, inconsistent decision regarding the same state constitutional amendment. State ex rel. Moore v. Molpus, 578 So.2d 624 (Miss.1991). The dispute in Molpus involved a constitutional amendment from 1914 that gave the electorate the power to enact constitutional amendments and legis *528 lative measures and to reject acts passed by the Legislature. Id. at 627. After the amendment was passed, its validity was challenged, and this Court ruled that the amendment had been properly submitted, ratified, and added to the Constitution. State ex rel. Howie v. Brantley, 112 Miss. 812, 74 So. 662, 664 (1917). However, five years later, in a case involving parties distinct from those in Brantley, this Court held that the same constitutional amendment was void. Power v. Robertson, 130 Miss. 188, 93 So. 769, 775-77 (1922). In 1991, the plaintiffs in Molpus sought a declaratory judgment that the constitutional amendment from 1914 was valid and enforceable. Molpus, 578 So.2d at 631. The defendant asserted res judicata and collateral estoppel and cited this Court’s decision in Power. Id. After a lengthy analysis, this Court ultimately held that, of the two inconsistent judgments regarding the 1914 constitutional amendment that were reached in Brantley and then in Power, the more recent judgment in Power had binding effect. Id. at 641-42.
¶ 54. The last-in-time rule is also explained in the Restatements of the Law. The Restatement (Second) of Judgments sets out the last-in-time rule: “When in two actions inconsistent final judgments are rendered, it is the later, not the earlier, judgment that is accorded conclusive effect in a third action under the rules of res judicata.” Restatement (Second) of Judgments § 15 (1982). The comments to Section 15 state, in relevant part, that “when a prior judgment is not relied upon in a pending action in which it would have had conclusive effect as res judicata, the judgment in that action is valid even though it is inconsistent with the prior judgment.” Id. cmts.
¶ 55. Applying the last-in-time rule to this case, the federal court’s “take-nothing” judgment should be given conclusive effect. This Court’s affirmance of the circuit court’s $90,000 judgment was handed down in 2002, after the federal court’s “take-nothing” judgment was entered in 2001. However, this Court’s affirmance relates back to, and is considered effective as of, the date that the judgment was originally entered by the circuit court in 1998. See Norman v. Bucklew, 684 So.2d 1246, 1254 (Miss.1996) (citing Smith v. Malouf, 597 So.2d 1299, 1301 (Miss.1992)); see also Early v. Bd. of Supervisors, 182 Miss. 636, 181 So. 132, 132 (1938). In Norman, this Court stated that if a judgment is affirmed on appeal with supersede-as, “the effect thereof is to establish or confirm the validity of the judgment from and as the date of its rendition in the court of original jurisdiction.” Norman, 684 So.2d at 1254. Therefore, in this case, of the two judgments in question, the federal court’s “take-nothing” judgment is the last in time. See Figure 1.
¶ 56. Furthermore, contrary to the majority’s analysis, giving the federal court’s “take-nothing” judgment conclusive effect is consistent with the rules of res judicata. Res judicata applies when four identities are present: 1) identity of the subject matter of the action; 2) identity of the cause of action; 3) identity of the parties to the cause of action; and 4) identity of the quality or character of a person against whom the claim is made. Little v. V & G Welding Supply, Inc., 704 So.2d 1336, 1338-39 (Miss.1997); Norman, 684 So.2d at 1253.
¶ 57. The requirements for res judicata have been met in this case. First, the subject matter of the judgments involved — whether Deere or Parker is liable to Johnson for breach of implied and express warranties related to the allegedly faulty Deere combine that Johnson bought from Parker — is identical. Second, the causes of action are identical because *529 Johnson’s claims against Deere and Parker arise out of the same transaction — Johnson’s purchase of the Deere combine from Parker. The majority appears unaware of the fact that Mississippi applies a transactional approach to determining whether causes of action are identical for purposes of applying res judicata. Harrison v. Chandler-Sampson Ins., Inc., 891 So.2d 224, 234 (Miss.2005) (quoting Nevada v. U.S., 463 U.S. 110, 131 n. 12, 103 S.Ct. 2906, 2919, 77 L.Ed.2d 509, 525 (1983)) (finding that “causes of actions are the same if they arise from the same ‘transaction’ ”); Walton v. Bourgeois, 512 So.2d 698, 701 (Miss.1987) (concluding that res judicata barred plaintiffs second suit because “the underlying facts and circumstances are the same as those involved in the first suit”). Third, identity of the parties is present, since Parker (whom Johnson sued in the state case) and Deere (whom Johnson asserted counterclaims against in the federal case) are in privity as dealer and manufacturer, respectively. This Court has held that, for purposes of res judicata, parties in privity qualify as identical parties. Little, 704 So.2d at 1339; Norman, 684 So.2d at 1253; Molpus, 578 So.2d at 640. Fourth, the quality and character of the parties against whom the claims are made are also identical — Parker and Deere are corporate entities involved in selling the combine in question to Johnson.
¶ 58. In this case, Johnson initially sought a continuance of the federal court case by raising the defense of res judicata, but for some reason not explained in the record, the federal case eventually proceeded to a trial on the merits. The record does not suggest that Johnson made any further attempt to preserve his res judicata defense beyond seeking the initial continuance. Johnson has not provided any explanation of what occurred in federal court such that the case proceeded to trial despite the fact that a continuance had been granted. In allowing the case to proceed to trial, Johnson waived his res judicata defense. The comments to the Restatement (Second) on Judgments state that “[t]he considerations of policy which support the doctrine of res judicata are not so strong as to require that the court apply them of its own motion when the party himself has failed to claim such benefits as may flow from them.” Restatement (Second) on Judgments § 15 cmts. Along the same vein, this Court stated in Molpus that “in Power [i.e., the more recent of the two judgments involved] no one pleaded collateral estoppel, and we accept that then as now such matters are in the nature of affirmative defenses which are waived if not timely pleaded.” Molpus, 578 So.2d at 641 (citing Miss. R. Civ. P. 8(c)) (footnote omitted). Also, the pending appeal in state court would not have precluded Johnson from raising the defense of res judica-ta. This Court has previously adopted the view that an “appeal to the Supreme Court of Mississippi does not prevent [the judgment being appealed] from being res judi-cata.” Smith v. Malouf, 597 So.2d 1299, 1301 (Miss.1992) (quoting Miss. Power & Light Co. v. Town of Coldwater, 168 F.Supp. 463, 476 (N.D.Miss.1958)). This Court has also recognized that “[t]he various states have ruled with virtual unanimity that a judgment is ‘final’ for res judicata and collateral estoppel purposes even though pending on appeal.” Norman, 684 So.2d at 1255 (citations omitted).
¶ 59. It should further be noted that Johnson did not argue to the federal court that it should abstain from adjudicating the dispute since there was ongoing parallel litigation taking place in state court regarding the same cause of action. See Colo. River Water Conservation Dist. v. U.S., 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Johnson failed to *530 seek to prevent the federal case from proceeding to trial and reaching a final judgment. He should now be bound by the federal judgment pursuant to the last-in-time rule.
¶ 60. The last-in-time rule dictates that the federal court’s “take-nothing” judgment has conclusive effect in this matter. As a result, First National Bank cannot recover Johnson’s debt from Deere through the writ of garnishment obtained on the basis of the circuit court’s $90,000 judgment. Viewing all evidence in the light most favorable to First National Bank, the county court should have found for Deere as a matter of law on this ground and granted summary judgment. Therefore, I respectfully dissent.
KITCHENS, J., Joins this Opinion.

. See Figure 1 for a timeline of relevant events in the procedural history of these cases.