### DEAUVILLE CORPORATION v. GARDEN SUBURBS GOLF & COUNTRY CLUB, Inc. et al.

### Civ. No. 680-M.

United States District Court
S. D. Florida, Miami Division.
Aug. 19, 1944.

226

See also 5 Cir., 165 F.2d 431.

Robert C. Lane, Miami, Fla., for plaintiff.

Sydney L. Weintraub, Miami, Fla., for appellant.

L. L. Robinson, Miami, Fla., for defendants.

HOLLAND, District Judge.

On July 13, 1944, John L. Doggett, Esquire, petitioned the Court to grant a rehearing or review of the order of dismissal dated May 16, 1944. Notice was given to interested parties, and on August 17, 1944, at 2:30 p. m., counsel for petitioner, and petitioner in person, appeared on behalf of the petitioner, and A. C. Dressler and L. L. Robinson appeared for the plaintiff and defendants in the action. Full argument was had, and the matter taken under advisement.

The opinion and order of May 16, 1944, were based upon the motion for summary judgment of dismissal with prejudice, which was filed by the defendant, Garden Suburbs Golf and Country Club, Inc., on May 8,

1944. Copies of amended Bill of complaint, and other pleadings, and final decree in case of Deauville Corporation etc., Plaintiff, versus Bernarr MacFadden, et al, Defendants, lately pending in the Circuit Court of Dade County, Florida, being Chancery Case No. 71067, were filed by the said movant in support of said motion. This Court entered its order of May 16, 1944, at the instance of the defendants, it being shown to the Court that there had been a final decree entered in the State Court action which involved the same matters in litigation between the plaintiff and defendants in this Federal Court action, which had been tried and had ripened into a final decree.

It will be remembered that this Court did on June 21, 1943, enter its order substituting Bart Riley and A. C. Dressler, Esquires, as attorneys for the plaintiff, Deauville Corporation, in the place and instead of John L. Doggett, Esquire; and that it was therein provided that if a recovery shall be effected by the plaintiff from the defendants, or either of them, such recovery was ordered to be subject to a lien in favor of John L. Doggett to such amount of said recovery as this Court may determine in favor of said John L. Doggett; that it was further ordered that said order was without prejudice to Mr. Doggett to litigate in the State Courts any claims that he may have against his former clients for legal services. This suit is not one primarily for attorney's fees on behalf of Mr. Doggett, but that phase of the litigation is merely incident to the controversy between the plaintiff and the defendants herein. A suit in chancery in the Circuit Court in and for Dade County, Florida, was pending at the time of the institution of this Federal Court action, and was never dismissed. The State Court action remained as pending litigation at all times during the pendency of this Federal Court action. It so happens that the State Court action was tried and ripened into a final decree. The State Court was a Court having jurisdiction of the parties and of the subject matter, and the State Court action having ripened into a final decree before there was a trial of the issues in the

Federal Court action leads to the conclusion that this Court should recognize the State Court action as being a determination of the matters and things involved in this Federal Court action as between the plaintiff and the defendants. Both courts had jurisdiction of the parties and the subject matter, and when one court proceeds to a hearing of the testimony, and makes a decision, such as was shown by the motion of the defendant, Garden Suburbs Golf and Country Club, Inc., it was right and proper for the court in which the case had not been tried to a conclusion to take the action which was taken by this Court on May 16, 1944.

There has been no recovery by the plaintiff in the Federal Court action from the defendants, or either of them, and since the State Court has heard the case and rendered a final decree there should be no recovery for the plaintiff in this Federal Court action. The controversy between the plaintiff and the defendants in the Federal Court action has been determined by a court of competent jurisdiction, having jurisdiction of the subject matter and the parties, involving the same matters as are sought to be litigated between the same parties in this Federal Court action. This Court has not taken jurisdiction of the controversy between John L. Doggett, Esquire, and his former clients as an independent matter, but conditioned upon there being a recovery in the Federal Court action by the plaintiff from one or more of the defendants. It would be error for this Court to retain jurisdiction and try the matter of attorney's fees between Mr. Doggett and his former clients when there could now be in this Federal Court action no recovery upon all or a part of which a lien could be declared.

The State Court action was pending on appeal in the Supreme Court of Florida, and on May 16, 1944, this Court properly held that the defendant, Garden Suburbs Golf and Country Club, Inc., was not entitled to a dismissal of this Federal Court action with prejudice at this time, but reserved to the defendant the right to hereafter apply to this Court for an order of dismissal with prejudice, should the future course of the litigation in the State Courts result in a final judgment for such defendants, so as to entitle the defendant to such dismissal with prejudice.

 Comment is now made on a phase of the matter which is not before the Court in that it involves a contingency dependent upon the action of the Supreme Court of the State of Florida in the said appeal now pending in that Court, but for clarification purposes and for the guidance of Mr. Doggett and his counsel it is proper to express the views of the Court as to Mr. Doggett's position in this case in the event of affirmance or reversal of the said State Court action. I hold definitely that since there has been a final decree in the State Court action in the Circuit Court that this Federal Court action should stand dismissed, and that Mr. Doggett is entitled to no relief in this Court, since with trial and final decree of the Circuit Court there can be no recovery in favor of the plaintiff in this Federal Court action. Concerning the action of the Supreme Court of Florida on appeal, however, this Court now expresses the following opinion. In the event there is affirmance by the Supreme Court of Florida of the final decree in the Circuit Court action, then in that event this Federal Court action should be dismissed with prejudice. In the event there should be a reversal by the Supreme Court of Florida, much would depend upon the character of the reversal. In the event there was a complete reversal by the Supreme Court of Florida, there would then be a question of law as to whether or not a final determination of the matters at issue between these parties in the two actions should be determined solely in the State Court action, inasmuch as the State Court action had proceeded to a final decree, even though the same may be reversed and remanded. I make no decision on this question of law, but merely comment upon it at this time for such value as it may be to the parties at interest in determining their course of action.

The petition to review the order of dismissal dated May 16, 1944, has been fully argued, which argument was granted inasmuch as new counsel on behalf of Mr.

Doggett had come into the case, but the prayer of the said petition asking that the case be re-opened, and that petitioner's request in his motion of January 28, 1943 be heard as to the value of petitioner's legal services, and to require the payment thereof by the plaintiff in this suit, is denied in all respects.