## GARDEN SUBURBS GOLF & COUNTRY CLUB, Inc. v. MURRELL et al.

No. 12651.

United States Court of Appeals
Fifth Circuit.

Feb. 27, 1950.

Rehearing Denied April 5, 1950.

A. Frank Katzentine, Miami, Fla., W. Sanders Gramling, Miami, Fla., Alonzo Wilder, Miami, Fla., for appellant.

R. H. Ferrell, Miami, Fla., Charles Danton, Miami Beach, Fla., J. M. Flowers, Miami, Fla., for appellees.

Before HUTCHESON, Chief Judge, and McCORD and RUSSELL, Circuit Judges.

PER CURIAM.

The suit, instituted by the landlord, appellee, against the tenant, appellant, was to collect the rents due under the terms of a lease on a hotel in Miami Beach, Florida.

The claim, based upon a declaratory judgment of the Circuit Court of Dade County, Florida, Cause No. 87,418-C, hereinafter called the "Hunt decree",[1] was that, on the basis of the principles determined in that cause, plaintiff was entitled to judgment in the sum of $461,250.

The defendant, in a 225 page answer, including exhibits, recited fully the history of the various suits in which it had been involved with the landlord, wherein the rent on the hotel was in issue, including particularly the pleadings and judgment in the Circuit Court of Dade County, Cause No. 71,067, hereinafter called the Wiseheart decree, and in the United States District Court for the Southern District of Florida, Cause No. 680-M-Civil, based thereon. 89 F.Supp. 225. On the basis of these suits, it sought to nullify the Hunt decree.

Plaintiff, pleading the Hunt decree as *res judicata,* moved to strike all the matters and things pleaded in the answer, and, this motion sustained, the cause was referred to a master to take testimony and make report of his findings.

Upon extensive hearings, the master found and reported that, in accordance with the determinations of the Hunt decree as affirmed, the tenant, appellant, was indebted to the landlord, appellee, in the sum of $81,949.42.

The objections of both tenant and landlord to the master's report overruled, the court entered a final judgment in which the report was affirmed and approved in all respects, and the landlord, appellee, was awarded the sum of $81,949.42.

Appealing from that judgment, the appellant is here insisting that the action of the court in striking its answer was error, for that the answer in setting up the earlier state court and federal court decrees had

1. Affirmed, Garden Suburbs Golf & Country Club, Inc. v. Pruitt, as Receiver of Deauville Corp., 156 Fla. 825, 24 So.2d 898, 170 A.L.R. 1107.

presented a complete defense of *res judicata* to plaintiff's suit. So insisting, it urges upon us that the order, striking its answer, and the judgment against it for rents were erroneously entered and should be reversed.

■ Appellee, insisting that the shoe is on the other foot, that it is appellant and not appellee who is estopped by judgment, urges upon us that the judgment in the "Hunt" case is *res judicata* of all matters and things at issue here, and the accounting having been conducted strictly in accordance with the judgment in that case, the judgment appealed from, which approved and gave effect to that accounting, must be affirmed.

We agree with appellee. In seeking in this suit to plead as a bar to the Hunt decree, the earlier Wiseheart decree and the judgment in the federal court based on it, neither of which were pleaded in the second state court suit, appellant found itself below, it finds itself here, in the impossible position of seeking, contrary to the settled doctrine of the cases, to plead, as a bar to a later judgment between the same parties, an earlier judgment which was not pleaded as a bar in the later suit.

■ This court, in Donald v. J. J. White Lumber Co., 5 Cir., 68 F.2d 441, 442, considered and determined adversely to appellant the very point it makes here. There, as here, a party, having obtained a judgment, on which it did not, in a second litigation, choose to rely, undertook in a third litigation to defeat the second judgment by setting the first judgment up as a bar. This court, saying of the first judgment: "But the government, for reasons of its own, chose not to rely on it in that suit, and in our opinion thereby waived it, and cannot assert it in this case", went on citing, many cases in support, to state the reason, which conclusively prevented the government there, and as conclusively prevents appellant here, from seeking to avoid the effect of the second judgment. This reason was "where there are two conflicting judgments, the last in point of time is the one which controls".

Among the cases cited there is Horse Creek Coal Land Co. v. Alderson et al., 4 Cir., 266 F. 477, a case precisely in point. There, after a defeated party, in a state court suit, had permitted a judgment to go against it without pleading in bar, an earlier judgment in the federal court, it was attempted, in a later suit in the federal court to plead the earlier federal court decree in bar of the state court judgment.

The court, on full citation of authority, held the state court judgment conclusive as between the parties, and that it precluded the defendant therein from afterward asserting title to a part of the land based upon a prior decree of a federal court, which was available to it but which it did not plead in the state suit.

Assuming, then, without at all deciding that the fact and law determined in the earlier suit was the same fact and law determined in the later one, this will not avail appellant. For, as in Donald v. J. J. White Lumber Co., supra, and the cases it cites, the stricken answer did not present a defense, the ruling on the motion to strike it did not affect any substantial right of appellant, and no just cause for reversal is presented.

The judgment is affirmed.