IN THE SUPREME COURT OF MISSISSIPPI

NO. 2007-IA-01362-SCT

*DEERE & COMPANY AND PARKER TRACTOR &*
*IMPLEMENT COMPANY, INC.*

*v.*

**FIRST NATIONAL BANK OF CLARKSDALE AND**
**EDWARD J. JOHNSON, JR. d/b/a F & E FARM**

<u>ON MOTION FOR REHEARING</u>

| | |
|---|---|
| DATE OF JUDGMENT: | 07/16/2007 |
| TRIAL JUDGE: | HON. CHARLES R. BRETT |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY COUNTY COURT |
| ATTORNEYS FOR APPELLANT: | JOHN B. GILLIS |
| | KEN R. ADCOCK |
| ATTORNEYS FOR APPELLEE: | TOM T. ROSS, JR. |
| | DANA J. SWAN |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED AND REMANDED - 06/18/2009 |
| MOTION FOR REHEARING FILED: | 11/25/2008 |
| MANDATE ISSUED: | |

**EN BANC.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1.     The motion for rehearing filed by Deere & Company is denied.  The original opinion

is withdrawn, and these opinions are substituted therefor.

¶2.     A farm-implement dealer sold a farmer a bad combine.[1]  The farmer sued the dealer

in circuit court and won a judgment of $90,000.  The dealer appealed, and we affirmed the

judgment.

---

[1]For those few souls in Mississippi not familiar with combines, they are farm implements
used to harvest corn, wheat, and other grain crops.

¶3.    In an unrelated case, a bank took a $50,000 default judgment against the farmer in county court. The bank attempted to collect its county-court judgment by garnishing the money the farmer won against the dealer in circuit court.

¶4.    The company that manufactured the combine was on the hook for the judgment against its dealer, so it intervened in the county-court garnishment action, claiming that the farmer's circuit-court judgment could not be collected in county court because of other proceedings which had taken place in the federal courts.

¶5.    The manufacturer filed a motion for summary judgment, which the county court denied. The manufacturer filed a motion for interlocutory appeal, which we granted.

## BACKGROUND FACTS AND PROCEEDINGS

*Preliminary statement*

¶6.    This case's simple beginning belies its protracted course of complex litigation[2] which began in 1994, when Edward Johnson ("Johnson"), purchased a John Deere combine for $153,173.36 from Parker Tractor & Implement Company ("Parker Tractor"). He paid for the combine using $30,634.36 of his own funds, and the balance from a loan (the "Loan") he obtained from John Deere & Company ("Deere"). The combine stood as collateral for the loan, and Johnson was to make periodic loan payments to his creditor, Deere.

¶7.    Parker Tractor's delivery of the combine to Johnson was delayed due to wiring and electrical problems and, once delivered, the combine did not operate properly. In an attempt

---

[2]See Appendix A for a timeline of events.

to revoke acceptance of the combine, Johnson wrote a letter to Deere, stating that Parker Tractor was unable to repair the problem he was having with the combine.

¶8.     We think the labyrinth of facts to follow will be more easily digested if we pause here to point out that the record provides us no clue as to why Johnson attempted to revoke acceptance of the combine with Deere, who loaned him money, rather than with Parker Tractor, who sold him the combine. In one of the related cases, discussed later in this opinion, the United States Court of Appeals for the Fifth Circuit observed:

> In this case, a central issue -- which the parties pled, tried to the jury, retried in post-verdict motions, briefed, and orally argued on appeal -- is whether Johnson effectively revoked the sale contract for the combine. Johnson entered into this contract with Parker. We note, in passing, that there is nothing in the record that suggests (1) that Deere and Parker are one entity or (2) that Parker assigned Deere its rights under the sale contract.
>
> Moreover, even if we assumed that Deere, not Parker, had all the rights under the sale contract, this fact would still fail to explain why the parties vigorously litigated the validity of the underlying sale contract in this action for collection on a loan contract. The loan contract and the sale contract are independent unless there is a contractual provision which states otherwise. Neither contract contains such a provision.

*Deere & Co. v. Johnson*, 271 F. 3d 613, 624 n.1 (5th Cir. 2001).

¶9.     In any case, Deere refused to accept Johnson's attempted revocation of acceptance. Consequently, Johnson refused to make payments to Deere on the loan, but he continued to use the combine for three farming seasons, from 1994 through the spring of 1996. Just prior to the 1996 season, the lawsuits began.

    **1.  *FEDERAL I – (Deere v. Johnson*)**

3

¶10.    On September 26, 1995, Deere sued Johnson in the United States District Court for the Northern District of Mississippi, claiming Johnson had failed to make timely payments on the loan.  Johnson counterclaimed against Deere, alleging, *inter alia,* that it had revoked acceptance of the combine because of numerous breaches of various warranties, and intentional misrepresentations.

### 2.  *STATE I – (Johnson v. Parker Tractor)*

¶11.    On October 3, 1995 – one week after Deere filed *Federal I* – Johnson sued Parker Tractor in the Coahoma County Circuit Court, claiming negligence and breach of warranty arising from Parker Tractor's sale of the combine and failure to properly repair it.  Deere was not a party to this litigation, but it agreed to indemnify and defend Parker Tractor.  *Parker Tractor & Implement Co. v.  Johnson*, 819 So. 2d 1234 (Miss. 2002).

¶12.    In early 1998, while *Federal I* was still pending, *State I* proceeded to trial, and the jury rendered a verdict for Johnson in the amount of $150,000, which the trial court remitted[3] in the amount of $60,000, resulting in a final judgment in favor of Johnson for $90,000.  *Id.* at 1234.  The $90,000 judgment was entered of record in February 1998.  Deere, which had indemnified Parker Tractor, timely posted a supersedeas bond, and Parker Tractor appealed to this Court.

---

[3] Although not at issue here, Justice Carlson's excellent recent opinion in *Dedeaux v. Pellerin Laundry, Inc.*, 947 So. 2d 900, 908-09 (Miss. 2007), clarifies the law regarding remittiturs or additurs.

4

¶13. Meanwhile, in July 1998, while the *State I* appeal was pending, Johnson filed a motion for a continuance in the *Federal I* suit – which had been pending for more than two years – arguing that the ultimate outcome in *State I* would serve as collateral estoppel, res judicata, and/or issue preclusion in *Federal I*.[4]

¶14. Johnson's motion for continuance of *Federal I* was granted in April 1999. Nevertheless, for reasons unexplained by the record or the briefs filed by counsel, *Federal I* proceeded to trial in June 2000, while the appeal of *State I* was pending before this Court. The federal jury returned a verdict on Johnson's claims against Deere in the amount of $30,634.36. However, because Johnson had used the combine without paying for it, the jury also awarded Deere $70,000 as the combine's reasonable rental value. *Deere & Co. v. Johnson*, 271 F.3d 613, 615 (5th Cir. 2001).

¶15. Both parties appealed. The Fifth Circuit – clearly baffled as to why revocation of acceptance was raised by Johnson against Deere – nevertheless affirmed Johnson's verdict. It reversed the trial court's finding of a quantum meruit recovery by Deere for Johnson's use of the combine (because it was neither pleaded nor raised at trial), but allowed Deere a set-off which served to render the entire lawsuit "a wash." The Fifth Circuit then remanded the case for entry of a "take-nothing" judgment, which the district court entered on January 11, 2002. *Id*.

---

[4]Deere opposed Johnson's motion, claiming (contrary to its position in the matter before us today) the issues in the two lawsuits were different.

¶16. Meanwhile, in the ***State I*** suit, this Court affirmed Johnson's $90,000 ***State I*** judgment in the same month the federal district court entered the "take-nothing" judgment in ***Federal I*** – January 2002. ***Parker Tractor & Implement Co. v. Johnson***, 819 So. 2d 1234, 1242 (Miss. 2002) ("***State I***").

### 3. *STATE II* – (*First National Bank v. Johnson*)

¶17. Backing up five months to August 2001, while ***State I*** and ***Federal I*** were both pending, First National Bank of Clarksdale ("the Bank") sued Johnson in the County Court of Coahoma County for collection of an unrelated promissory note. After obtaining a default judgment against Johnson in September 2001 for $50,439.08, the Bank cast its grateful eyes on Johnson's $90,000 ***State I*** judgment (once it was affirmed by this Court), regarding the ***State I*** judgment as an excellent source of funds from which to collect its own judgment against Johnson. The Bank filed a writ of garnishment against the $90,000 judgment and, as discussed below, Deere later intervened in ***State II*** to stop the garnishment.

### 4. *FEDERAL II* – (*Deere v. First National Bank and Johnson*)

¶18. Deere had indemnified Parker Tractor for the judgment in ***State I***. Thus, Deere filed suit against Johnson and First National Bank in the U.S. District Court for the Northern District of Mississippi, seeking to enjoin the garnishment action. Ordinarily, federal courts may not issue injunctions against state courts. 28 U.S.C. § 2283 (1948) ("Anti-Injunction Act"). However, Deere argued that the injunction it sought fit the exceptions under the act.

¶19. In September 2002, the district court refused to enjoin enforcement of Johnson's ***State I*** judgment and dismissed Deere's ***Federal II*** complaint for failure to state a claim. Deere

6

appealed, and the following May, in an unpublished opinion, the Fifth Circuit affirmed the district court's decision, citing federalism and its intent to protect the integrity of the state and federal judiciary. ***Deere & Co. v. Johnson***, 67 Fed. Appx. 253 (5th Cir. 2008).

### *The interlocutory appeal of State II*

¶20. A month following its unsuccessful efforts in federal court, Deere moved to intervene in ***State II***, claiming that its indemnity of Parker Tractor in ***State I*** provided it with standing and a sufficient interest in the litigation. Deere was permitted to intervene as an interested party in ***State II*** in October 2004, and it sought to have the county court declare the $90,000 judgment null and void, based upon ***Federal I***'s "take-nothing" judgment.

¶21. Deere moved for summary judgment in November 2004, which the trial court denied. The trial court stayed all proceedings in ***State II*** and opined that the matter was proper for an interlocutory appeal to this Court. Accordingly, Deere filed its application for interlocutory appeal, raising the following issues:

I. Whether the trial court erred in denying Deere's motion for summary judgment by not holding that collection on this Court's judgment was precluded by the federal court judgment being satisfied.

II. Whether the trial court erred in its denial of summary judgment by holding that the last-in-time doctrine is inapplicable.

III. Whether the trial court erred in its denial of summary judgment by holding the federal court orders in ***Federal II*** to be the law of the case in the ***State II*** matter.

¶22. We granted Deere's application for interlocutory appeal.

## ANALYSIS

7

¶23.    Interlocutory appeals are granted only to resolve a question of law, including the application of facts to that law.    Miss. R. App. P. 5.    We employ a de novo standard in reviewing questions of law. *Russell v. Performance Toyota, Inc.*, 826 So. 2d 719, 721 (Miss. 2002).  We also review denials of summary judgment using a de novo standard.  *Treasure Bay Corp. v. Ricard*, 967 So. 2d 1235, 1238 (Miss. 2007).  A motion for summary judgment may be granted only if "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."  *Id*. (citing Miss. R. Civ. P. 56(c)).  "The evidence must be viewed in the light most favorable to the nonmoving party."  *Id.* (citing *Flores v. Elmer*, 938 So. 2d 824, 826 (Miss. 2006)).

## I.

¶24.    We begin by addressing an issue not raised by the parties, but one of significant importance to our judicial system.  The precise issue before us is whether to reverse the trial court's denial of Deere's motion for summary judgment.  In essence, the issue is whether the county court may prevent Johnson from proceeding with collection of a judgment he obtained in the circuit court – a judgment which was affirmed by this Court on appeal, and was not attacked in the circuit court that rendered the judgment.

¶25.    Although Deere's brief argues that "the state court judgment is not enforceable," this surface argument obscures the logical consequence which follows Deere's premise.  In effect, Deere asks the county-court judge to hold the *State I* judgment uncollectible because it was made void by a judgment rendered in the federal court.

8

¶26.    We know of no statute, rule, or constitutional provision which permits a county court to invalidate a judgment rendered by a Mississippi circuit court and affirmed by this Court. Such attacks on a judgment are properly within the purview of Rule 60 of the Mississippi Rules of Civil Procedure, which provides in part:

> (b) . . . On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1)     fraud, misrepresentation, or other misconduct of an adverse party;
> >
> > (2)     accident or mistake;
> >
> > (3)     newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> >
> > (4)     the judgment is void;
> >
> > (5)     the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;
> >
> > (6)     any other reason justifying relief from the judgment.

Miss. R. Civ. P. 60(b).  The comment to the rule provides that "[m]otions for relief under MRCP 60(b) are filed in the original action, rather than as independent actions themselves."

¶27.    In any case, the record before us says nothing of a Rule 60 motion, and neither party raised it on appeal.  We therefore now proceed to address the issues raised.

**II.**

9

¶28. Deere argues that Johnson litigated the same breach-of-warranty causes of action in *State I* and *Federal I*. Citing *City of Jackson v. Lakeland Lounge of Jackson*, 688 So. 2d 742, 749 (Miss. 1996), Deere argues that there is a commonality in the "underlying facts and circumstances upon which a claim is asserted and relief is sought from the two actions." Deere further asserts that the same issues of damages were argued in both cases because the causes of action were identical.

¶29. Based on the facts presented in the record before us, we cannot agree that *State I* and *Federal I* involved identical causes of action, arising out of a commonality of underlying facts and circumstances. Deere initiated *Federal I* to collect amounts due pursuant to the Loan between itself and Johnson. The record provides no evidence that the Loan involved Parker Tractor.

¶30. Furthermore, Johnson's counterclaim against Deere asserted a claim of revocation of acceptance of the combine, a claim related to the seller, rather than the financier. Johnson's *State I* suit included a claim of negligence, a claim not present in *Federal I*. And although both suits involved breach-of-warranty claims, the record does not clearly establish that these warranty claims are the same. Thus, we are not persuaded that the claims in *State I* and *Federal I* are identical. Since they are not, Deere's argument – that the *State I* judgment was satisfied by the *Federal I* "take-nothing" judgment – has no merit.

### III.

*The "last-in-time" doctrine*.

10

¶31.    Deere next argues that we should apply the "last-in-time" doctrine to give precedence to the *Federal I* judgment over the *State I* judgment.  According to the Restatement (Second) of Judgments:  "When in two actions inconsistent final judgments are rendered, it is the later, not the earlier, judgment that is accorded conclusive effect in a third action under the rules of res judicata."  Restatement (Second) of Judgments § 15 (1982).

¶32.    The comments to Section 15 state, in relevant part, that "when a prior judgment is not relied upon in a pending action in which it would have had conclusive effect as res judicata, the judgment in that action is valid even though it is inconsistent with the prior judgment."  *Id.* cmts.  Deere argues that the judgment in *Federal I* is controlling because it was rendered after the judgment in *State I*, and Johnson did not assert res judicata in *Federal I*.  We reject Deere's argument.

¶33.    We begin by pointing out the obvious:  The "last-in-time" rule applies only where res judicata could have applied.

### Res judicata

¶34.    This Court has held that

> four identities must be present before the doctrine of res judicata will be applicable: (1) identity of the subject matter of the action, (2) identity of the cause of action, (3) identity of the parties to the cause of action, and (4) identity of the quality or character of a person against whom the claim is made. Where these four identities are present, the parties will be prevented from re-litigating all issues tried in the prior lawsuit, as well as all matters which should have been litigated and decided in the prior suit.

*Hogan v. Buckingham,* 730 So. 2d 15, 17 (Miss. 1998).  *See also Walton v. Bourgeois*, 512 So. 2d 698, 701-702 (Miss. 1987) (internal citations omitted).

11

¶35. Res judicata requires a finding of all four identities. Because we hold that the second identity – "identity of the cause of action" – clearly has not been established in this case, we find it unnecessary to address the other three identities.

¶36. In *State I*, Johnson sued Parker Tractor for negligence and breach of warranty. In *Federal I*, Deere sued Johnson for breach of his loan agreement, and Johnson counterclaimed against Deere for breach of its implied and express warranties, breach of the implied warranty of fitness for a particular purpose, and intentional misrepresentations.

¶37. Although Deere argues that the same breach-of-warranty claims are raised in both suits, it is unclear from the record before this Court whether that is so. The warranties for which a seller is responsible are not necessarily the same warranties for which a manufacturer is responsible – and the damages may be very different. *See Royal Lincoln-Mercury Sales, Inc. v. Wallace*, 415 So. 2d 1024, 1027-28 (Miss. 1982) (holding the implied warranty of merchantability is applicable only to the seller of a defective automobile, while the manufacturer could be held liable for breach of express warranties). Moreover, the cases cited by Deere to support its res judicata argument involve federal and state cases with identical parties. Clearly, that is not the case here.

¶38. Further, the federal action includes Johnson's claim that he revoked acceptance of the combine. *State I* includes no such claim, but does include a negligence claim not found in *Federal I*. For these reasons, we hold that Deere has failed to establish the second identity required for res judicata to have conclusive effect and, therefore, the county-court judge in *State II* did not commit error in denying summary judgment.

12

¶39. Finally, contrary to Deere's implication, Johnson asserted res judicata when he moved to have *Federal I* stayed pending the outcome of the *State I* appeal. Deere fails to convince us that Johnson should have done more to preserve his res judicata defense.

**IV.**

¶40. In its third and final issue raised on appeal, Deere asserts "that the trial court erred in denying [its] motion . . . for summary judgment by concluding that under the 'law-of-the-case' doctrine, the district court order and the unpublished opinion of the Fifth Circuit in [*Federal II*] are the law of the case in [*State II*]."

¶41. The federal court in *Federal II* held the "last-in-time" rule did not apply because there was no identity of the causes of action in *State I* and *Federal I*. Deere argues, however, that the state court in *State II* should not have applied this holding from *Federal II* because it is not the law of the case in *State II*. While we agree with Deere that the *Federal II* holding is not binding as the law of the case as to *State II*, Deere's argument nevertheless fails for the reasons stated above in section III.

**CONCLUSION**

¶42. For all of the above reasons, the Coahoma County Court's denial of summary judgment is affirmed. This case is affirmed and remanded to that court for further proceedings consistent with this opinion.

¶43. **AFFIRMED AND REMANDED.**

**WALLER, C.J., AND CARLSON, P.J., RANDOLPH, LAMAR, CHANDLER AND PIERCE, JJ., CONCUR. GRAVES, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS, J.**

| Dates | Federal I<br>Deere v. Johnson | State I<br>Johnson v. Parker | State II<br>First National Bank<br>v. Johnson | Federal II<br>Deere v. Johnson and<br>First National Bank |
|---|---|---|---|---|
| 9.26.95 | Deere sued Johnson in the Northern District of Mississippi for payment on a finance contract for the combine<br><br>. . .<br><br>Johnson counterclaimed for breach of implied and express warranty, breach of the implied warranty of fitness for a particular purpose, and intentional misrepresentations. | | | |
| 10.3.95 | | Johnson sued Parker in Coahoma County Circuit Court for negligence and breach of warranty. | | |
| 2.13.98 | | $90,000 judgment in favor of Johnson entered in State I.<br><br>. . .<br><br>Parker appealed to this Court. | | |
| 7.20.98 | Johnson filed a motion to continue Federal I while State I was pending on appeal, claiming, inter alia, res judicata | | | |
| 4.16.99 | Federal I was continued. | | | |

| | | |
|---|---|---|
| 11.4.99 | | Mississippi Supreme Court reversed circuit court's $90,000 judgment. . . . Johnson filed a petition for rehearing. |
| 6.5.2000 | *Federal I* proceeded to trial. Jury verdict reached. | |
| 8.8.01 | | First National Bank sued Johnson in Coahoma County Court for payment on a promissory note. This suit is unrelated to the combine at issue in *State I* and *Federal I*. |
| 9.24.01 | | Default judgment in favor of First National Bank is entered in the amount of $50,439.08. |
| 11.12.01 | Fifth Circuit remanded *Federal I* for entry of "take-nothing" judgment. | |
| 1.10.02 | | Granting rehearing, the Mississippi Supreme Court affirmed the original $90,000 judgment in *State I*. |
| 1.11.02 | "Take-nothing" judgment entered by District Court in *Federal I*. | |

| | | |
|---|---|---|
| 1.17.02 | Writ of Garnishment served on Parker to collect on the $90,000 *State I* judgment. | |
| 1.28.02 | | Deere sued Johnson and First National Bank in the Northern District of Mississippi, seeking to enjoin enforcement of the *State I* judgment. |
| 9.24.02 | | District Court dismissed *Federal II* for failure to state a claim. |
| 5.14.03 | | The Fifth Circuit Court of Appeals affirmed the District Court's dismissal. |
| 6.23.03 | Deere moved to intervene in *State II*. | |
| 10.11.04 | Deere allowed to intervene as an interested party in *State II*. | |
| 11.24.04 | Deere moved for summary judgment in *State II*. | |
| 11.30.05 | Coahoma County Circuit Court denied Deere's motion for summary judgment. . . . Deere appeals denial of summary judgment in *State II* to this Court. | |

**GRAVES, PRESIDING JUSTICE, DISSENTING:**

¶44.    As the majority correctly states, this case involves an underlying dispute over a John Deere & Company (Deere) combine purchased by Edward Johnson from Parker Tractor & Implement Company (Parker).  I disagree with the majority's analysis of the last-in-time doctrine and res judicata as they apply to the facts of this case.  The majority's analysis and conclusion are inconsistent with this Court's prior caselaw regarding res judicata and the last-in-time doctrine.  Today's opinion only serves to cloud and confuse this area of law.  Therefore, I respectfully dissent.

**I.**

¶45.    The factual and procedural history in this case are somewhat complex.  Therefore, I will briefly restate the facts.  On September 26, 1995, Deere sued Johnson in the Northern District of Mississippi (in what the majority terms "*Federal I*") to recover the balance of the purchase price for the combine that Johnson bought from Parker.[5]  Johnson counterclaimed against Deere for, inter alia, breach of implied and express warranties.

¶46.    On October 3, 1995, Johnson sued Parker in Coahoma County Circuit Court (in what the majority terms "*State I*") for, inter alia, breach of implied and express warranties and sought actual and punitive damages.  The state case proceeded to trial, and Johnson was ultimately awarded $90,000 on February 13, 1998. Parker subsequently appealed to this Court, and Deere posted a supersedeas bond to stay the execution of the judgment.

---

[5] *See* Figure 1 for a timeline of relevant events in the procedural history of these cases.

¶47.    On July 20, 1998, Johnson filed a motion to continue the case in federal court (in what the majority terms "*Federal I*"), citing the pending appeal in state court and referencing the legal principles of collateral estoppel, res judicata, and issue preclusion.  Deere filed a motion in opposition, but on April 16, 1999, the district court granted Johnson's motion for a continuance.

¶48.    The majority does not mention that, after reviewing the appeal in state court (in "*State I*"), this Court reversed the circuit court judgment and ordered a new trial on November 4, 1999.  *Parker Tractor & Implement Co. v. Johnson*, No. 98-CA-00457-SCT, 1999 Miss. LEXIS 346 (Miss. Nov. 4, 1999).  However, upon Johnson's petition for rehearing, this Court subsequently affirmed the circuit court's $90,000 judgment on January 10, 2002.  *Parker Tractor & Implement Co. v. Johnson*, 819 So. 2d 1234 (Miss. 2002).

¶49.    Although the federal case ("*Federal I*") was initially continued in 1999, for some reason that is not clear from the record, the case proceeded to trial on June 5, 2000.  The federal jury returned a verdict awarding $30,634.36 to Johnson and $70,000 to Deere.  An appeal and cross-appeal were taken and, on November 12, 2001, the Fifth Circuit affirmed the judgment in favor of Johnson, but reversed the jury awards, declaring that the case was a "wash" and that neither party would receive an award.  *Deere & Co. v. Johnson*, 271 F.3d 613 (5th Cir. 2001).  The Fifth Circuit accordingly remanded the case for the entry of a "take-nothing" judgment.  *Id.*

18

¶50. Meanwhile, the present case was initiated when First National Bank of Clarksdale (First National Bank) sued Johnson in Coahoma County Court on August 8, 2001 (in what the majority terms "*State II*") for defaulting on a promissory note. On September 24, 2001, a default judgment was entered against Johnson for $50,439.08. First National Bank then obtained a writ of garnishment against Parker on the basis of the $90,000 judgment entered by the circuit court.

¶51. On January 28, 2002, Deere sued Johnson and First National Bank in the Northern District of Mississippi (in what the majority terms "*Federal II*") to enjoin enforcement of the circuit court's $90,000 judgment, citing the binding effect of the federal court's "take-nothing" judgment. Johnson subsequently moved to dismiss. On September 24, 2002, the district court dismissed the case for failure to state a claim because "the state court case was tried to final judgment before the federal court case," making the state court's $90,000 judgment binding. The district court also cited the Anti-Injunction Act, 28 U.S.C. § 2283 (1948). On May 14, 2003, the Fifth Circuit affirmed the district court's ruling. *Deere & Co. v. Johnson*, 67 Fed. Appx. 253 (5th Cir. 2003).

¶52. On June 23, 2003, Deere moved to intervene in First National Bank's garnishment action ("*State II*"), as it had previously agreed to indemnify Parker for any damages related to the dispute over the combine. Deere later moved for summary judgment on November 24, 2004. The county court denied the motion for summary judgment, and Deere filed this interlocutory appeal.

19

## Figure 1.

| *Federal Court* | *State Court* |
|---|---|
| *Sept. 26, 1995* - Deere sues Johnson in Northern District of Mississippi. | *Oct. 3, 1995* - Johnson sues Parker in Coahoma County Circuit Court. |
| . . . | |
| | **Feb. 13, 1998 - Coahoma County Circuit Court enters $90,000 judgment in favor of Johnson.** |
| *July 20, 1998* - Johnson files motion to continue case in Northern District of Mississippi. | Parker appeals. |
| *Apr. 16, 1999* - District Court grants motion to continue. | |
| | *Nov. 4, 1999* - Mississippi Supreme Court reverses circuit court's $90,000 judgment. Johnson files a petition for rehearing. |
| *June 5, 2000* - Case proceeds to trial in Northern District of Mississippi; jury verdict is reached. | |
| Appeal and cross-appeal are taken. | |
| | *Aug. 8, 2001* - First National Bank sues Johnson in Coahoma County Court. *Sept. 24, 2001* - Default judgment is entered; writ of garnishment is obtained. |
| **Nov. 12, 2001 - Fifth Circuit remands for entry of "take-nothing" judgment.** | |
| *Jan. 28, 2002* - Deere sues Johnson and First National Bank in Northern District of Mississippi. | *Jan. 10, 2002* - Mississippi Supreme Court affirms circuit court's $90,000 judgment on rehearing. |

*Sept. 24, 2002* - District Court dismisses case for failure to state a claim. Deere appeals.

*May 14, 2003* - Fifth Circuit affirms dismissal.

*June 23, 2003* - Deere moves to intervene in First National Bank suit.

*Nov. 24, 2004* - Deere moves for summary judgment.

*Nov. 30, 2005* - Coahoma County Court denies summary judgment. Deere appeals.

## II.

¶53.    This Court has adopted and applied the last-in-time rule. ***State ex rel. Moore v. Molpus***, 578 So. 2d 624, 641 (Miss. 1991) ("[W]hen inconsistent final judgments are rendered in two actions, the judgment more recent in time is given conclusive effect in a later action." (quoting ***Dimock v. Revere Copper Co.***, 117 U.S. 559, 566, 6 S. Ct. 855, 857-58, 29 L. Ed. 994, 997 (1886); ***Reimer v. Smith***, 663 F.2d 1316, 1327 (5th Cir. 1981); ***Garden Suburbs Golf & Country Club, Inc. v. Murrell***, 180 F.2d 435, 436 (5th Cir. 1950); ***Donald v. J. J. White Lumber Co.***, 68 F.2d 441, 442, (5th Cir. 1934); ***Marsh v. Mandeville***, 28 Miss. 122, 128 (1854); Restatement (Second) of Judgments § 15 (1977); 2 E. Tuttle, Freeman On Judgments § 629 (5th ed. 1925))); *see also* ***Treinies v. Sunshine Mining Co.***, 308 U.S. 66, 60 S. Ct. 44, 84 L. Ed. 85 (1939).  In ***Molpus***, this Court held that a later case had conclusive effect, despite an earlier, inconsistent decision regarding the same state constitutional amendment.  ***State ex rel. Moore v. Molpus***, 578 So. 2d 624 (Miss. 1991).  The dispute in ***Molpus*** involved a

21

constitutional amendment from 1914 that gave the electorate the power to enact constitutional amendments and legislative measures and to reject acts passed by the Legislature. *Id.* at 627. After the amendment was passed, its validity was challenged, and this Court ruled that the amendment had been properly submitted, ratified, and added to the Constitution. *State ex rel. Howie v. Brantley*, 74 So. 662, 664 (Miss. 1917). However, five years later, in a case involving parties distinct from those in *Brantley*, this Court held that the same constitutional amendment was void. *Power v. Robertson*, 93 So. 769, 775-77 (Miss. 1922). In 1991, the plaintiffs in *Molpus* sought a declaratory judgment that the constitutional amendment from 1914 was valid and enforceable. *Molpus*, 578 So. 2d at 631. The defendant asserted res judicata and collateral estoppel and cited this Court's decision in *Power*. *Id.* After a lengthy analysis, this Court ultimately held that, of the two inconsistent judgments regarding the 1914 constitutional amendment that were reached in *Brantley* and then in *Power*, the more recent judgment in *Power* had binding effect. *Id.* at 641-42.

¶54. The last-in-time rule is also explained in the Restatements of the Law. The Restatement (Second) of Judgments sets out the last-in-time rule: "When in two actions inconsistent final judgments are rendered, it is the later, not the earlier, judgment that is accorded conclusive effect in a third action under the rules of res judicata." Restatement (Second) of Judgments § 15 (1982). The comments to Section 15 state, in relevant part, that "when a prior judgment is not relied upon in a pending action in which it would have had conclusive effect as res

22

judicata, the judgment in that action is valid even though it is inconsistent with the prior judgment." *Id.* cmts.

¶55. Applying the last-in-time rule to this case, the federal court's "take-nothing" judgment should be given conclusive effect. This Court's affirmance of the circuit court's $90,000 judgment was handed down in 2002, after the federal court's "take-nothing" judgment was entered in 2001. However, this Court's affirmance relates back to, and is considered effective as of, the date that the judgment was originally entered by the circuit court in 1998. *See Norman v. Bucklew*, 684 So. 2d 1246, 1254 (Miss. 1996) (citing *Smith v. Malouf*, 597 So. 2d 1299, 1301 (Miss. 1992)); *see also Early v. Bd. of Supervisors*, 181 So. 132, 132 (Miss. 1938). In *Norman*, this Court stated that if a judgment is affirmed on appeal with supersedeas, "the effect thereof is to establish or confirm the validity of the judgment from and as the date of its rendition in the court of original jurisdiction." *Norman*, 684 So. 2d at 1254. Therefore, in this case, of the two judgments in question, the federal court's "take-nothing" judgment is the last in time. *See* Figure 1.

¶56. Furthermore, contrary to the majority's analysis, giving the federal court's "take-nothing" judgment conclusive effect is consistent with the rules of res judicata. Res judicata applies when four identities are present: 1) identity of the subject matter of the action; 2) identity of the cause of action; 3) identity of the parties to the cause of action; and 4) identity of the quality or character of a person against whom the claim is made. *Little v. V & G Welding Supply, Inc.*, 704 So. 2d 1336, 1338-39 (Miss. 1997); *Norman*, 684 So. 2d at 1253.

23

¶57. The requirements for res judicata have been met in this case. First, the subject matter of the judgments involved – whether Deere or Parker is liable to Johnson for breach of implied and express warranties related to the allegedly faulty Deere combine that Johnson bought from Parker – is identical. Second, the causes of action are identical because Johnson's claims against Deere and Parker arise out of the same transaction – Johnson's purchase of the Deere combine from Parker. The majority appears unaware of the fact that Mississippi applies a transactional approach to determining whether causes of action are identical for purposes of applying res judicata. *Harrison v. Chandler-Sampson Ins., Inc.*, 891 So. 2d 224, 234 (Miss. 2005) (quoting *Nevada v. U.S.*, 463 U.S. 110, 131 n.12, 103 S. Ct. 2906, 2919, 77 L. Ed. 2d 509, 525 (1983)) (finding that "causes of actions are the same if they arise from the same 'transaction'"); *Walton v. Bourgeois*, 512 So. 2d 698, 701 (Miss. 1987) (concluding that res judicata barred plaintiff's second suit because "the underlying facts and circumstances are the same as those involved in the first suit"). Third, identity of the parties is present, since Parker (whom Johnson sued in the state case) and Deere (whom Johnson asserted counterclaims against in the federal case) are in privity as dealer and manufacturer, respectively. This Court has held that, for purposes of res judicata, parties in privity qualify as identical parties. *Little*, 704 So. 2d at 1339; *Norman*, 684 So. 2d at 1253; *Molpus*, 578 So. 2d at 640. Fourth, the quality and character of the parties against whom the claims are made are also identical – Parker and Deere are corporate entities involved in selling the combine in question to Johnson.

24

¶58. In this case, Johnson initially sought a continuance of the federal court case by raising the defense of res judicata, but for some reason not explained in the record, the federal case eventually proceeded to a trial on the merits. The record does not suggest that Johnson made any further attempt to preserve his res judicata defense beyond seeking the initial continuance. Johnson has not provided any explanation of what occurred in federal court such that the case proceeded to trial despite the fact that a continuance had been granted. In allowing the case to proceed to trial, Johnson waived his res judicata defense. The comments to the Restatement (Second) on Judgments state that "[t]he considerations of policy which support the doctrine of res judicata are not so strong as to require that the court apply them of its own motion when the party himself has failed to claim such benefits as may flow from them." Restatement (Second) on Judgments § 15 cmts. Along the same vein, this Court stated in *Molpus* that "in *Power* [i.e., the more recent of the two judgments involved] no one pleaded collateral estoppel, and we accept that then as now such matters are in the nature of affirmative defenses which are waived if not timely pleaded." *Molpus*, 578 So. 2d at 641 (citing Miss. R. Civ. P. 8(c)) (footnote omitted). Also, the pending appeal in state court would not have precluded Johnson from raising the defense of res judicata. This Court has previously adopted the view that an "appeal to the Supreme Court of Mississippi does not prevent [the judgment being appealed] from being *res judicata*." *Smith v. Malouf*, 597 So. 2d 1299, 1301 (Miss. 1992) (quoting *Miss. Power & Light Co. v. Town of Coldwater*, 168 F. Supp. 463, 476 (N.D. Miss. 1958)). This Court has also recognized that "[t]he various states have ruled with virtual unanimity that

25

a judgment is 'final' for res judicata and collateral estoppel purposes even though pending on appeal." *Norman*, 684 So. 2d at 1255 (citations omitted).

¶59.    It should further be noted that Johnson did not argue to the federal court that it should abstain from adjudicating the dispute since there was ongoing parallel litigation taking place in state court regarding the same cause of action. *See Colo. River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976).  Johnson failed to seek to prevent the federal case from proceeding to trial and reaching a final judgment.  He should now be bound by the federal judgment pursuant to the last-in-time rule.

¶60.    The last-in-time rule dictates that the federal court's "take-nothing" judgment has conclusive effect in this matter.  As a result, First National Bank cannot recover Johnson's debt from Deere through the writ of garnishment obtained on the basis of the circuit court's $90,000 judgment.  Viewing all evidence in the light most favorable to First National Bank, the county court should have found for Deere as a matter of law on this ground and granted summary judgment.  Therefore, I respectfully dissent.

**KITCHENS, J., JOINS THIS OPINION.**